[Cite as *State v. Lavette*, 2020-Ohio-5338.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO, :

    Plaintiff-Appellee, :

                                  No. 108997

    v. :

CARL O. LAVETTE, III :

    Defendant-Appellant. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 19, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-616035-B

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary M. Frey, Assistant Prosecuting Attorney, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and Paul A. Kuzmins, Assistant Public Defender, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Carl O. Lavette, III, appeals the trial court's decision denying his petition for postconviction relief without conducting an evidentiary hearing. For the reasons that follow, we affirm.

{¶ 2} In 2017, Lavette was convicted of multiple counts of aggravated robbery, robbery, carrying a concealed weapon, possession of criminal tools, having a weapon while under disability, and several firearm specifications accompanying the base offenses. He was sentenced to 24 years in prison. This court affirmed his convictions and sentence. *See State v. Lavette*, 8th Dist. Cuyahoga No. 103169, 2019-Ohio-145, *appeal not accepted*, 155 Ohio St.3d 1439, 2019-Ohio-1536, 121 N.E.3d 410.

{¶ 3} While his direct appeal was pending, Lavette timely filed a petition for postconviction relief contending that (1) "newly discovered previously unavailable evidence of actual innocence renders [his] conviction and sentence void or voidable"; and (2) "witness recantation demonstrates that [his] conviction is based on insufficient evidence and violates his right to due process and thereby renders his conviction and sentence void or voidable." In support, Lavette attached to his petition two handwritten statements purportedly from his codefendant, Christopher Everette ("Everette"), in which he claims he gave perjured testimony at trial.

{¶ 4} The trial court denied Lavette's petition without conducting a hearing. In its finding of fact and conclusions of law, the court concluded that Lavette's petition asserted claims of "actual innocence," which is not a cognizable constitutional claim for relief pursuant to R.C. 2953.21.

{¶ 5} Lavette now appeals, raising two assignments of error for our review.

## I.   Standard of Review

{¶ 6} A petition for postconviction relief is a collateral civil attack on a criminal judgment, not an appeal of the judgment.  *State v. Bell*, 8th Dist. Cuyahoga No. 105000, 2017-Ohio-7168, ¶ 10.   Postconviction relief is not a constitutional right; it is a narrow remedy that gives the petitioner no more rights than those granted by statute.  *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999).  It is a means to resolve constitutional claims that cannot be addressed on direct appeal because the evidence supporting the claims is outside the record.  *State v. Milanovich*, 42 Ohio St.2d 46, 325 N.E.2d 540 (1975).  The petitioner must state in his petition all the grounds for relief on which he relies, and waives all other grounds not identified.  R.C. 2953.21(A)(4).  To prevail on a petition for postconviction relief, the petitioner must establish a violation of his constitutional rights that renders the judgment of conviction void or voidable.  R.C. 2953.21.

{¶ 7} A trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion.  *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58.

## II.   Consolidation of Claims

{¶ 8} In his first assignment of error, Lavette contends that the trial court erred in combining his individual claims for relief into an omnibus claim of actual innocence to avoid holding an evidentiary hearing.  According to Lavette, the trial court erred when it did not address each individual claim for relief.

**{¶ 9}** Lavette attached to his petition two handwritten statements purportedly from his codefendant, Everette. The first document is an affidavit notarized on February 16, 2018, in which Everette averred that he testified untruthfully at Lavette's trial to get less time in prison. He stated that Lavette was not involved in the robberies and that the firearms he used in the robberies were toy guns. The second document attached to Lavette's petition is another handwritten statement signed by Everette. Although a notary public signed the document and affixed the notarial seal, it does not contain a date when the document was signed or notarized. In that statement, Everette claimed that he testified untruthfully to achieve a better plea deal and less prison time. He further claimed that Lavette was not involved in the robberies and that the guns used in the robberies were fake.

**{¶ 10}** In his postconviction claims for relief, Lavette contends that newly discovered evidence reveals that he is actually innocent. The newly discovered evidence is the two statements by Everette recanting his trial testimony. Accordingly, because the two grounds for relief are inextricably interrelated, it was not error for the trial court to combine the two grounds for relief in ruling on Lavette's petition.

**{¶ 11}** Lavette contends that although he is actually innocent and believes actual innocence should be a cognizable claim in postconviction proceedings, his constitutional claim is purportedly grounded on due process. He contends that his due process rights were violated because his conviction was secured with coerced and perjured testimony; thus, his conviction is based on insufficient evidence.

{¶ 12} However, a violation of due process is not implicated merely because a state's trial witness recants his trial testimony. A conviction based upon perjured testimony does not implicate constitutional rights absent a showing that the state knew of the perjury. *State v. Blalock*, 8th Dist. Cuyahoga No. 100194, 2014-Ohio-934, ¶ 50, citing *State v. Kimble*, 8th Dist. Cuyahoga No. 54154, 1988 Ohio App. LEXIS 3824 (Sept. 22, 1988). Moreover, courts are to examine recantation of prior testimony with utmost suspicion. *State v. Gray*, 8th Dist. Cuyahoga No. 82841, 2003-Ohio-6643, ¶ 10.

{¶ 13} Everette does not contend in either his affidavit or statement that the prosecution coerced his trial testimony or that the prosecution had knowledge he was offering perjured testimony at trial. Accordingly, absent any averment that the state had knowledge of Everette's untruthful testimony, Lavette's conviction based on alleged perjured testimony does not amount to a due process violation.

{¶ 14} Rather, we find that the trial court was correct in its conclusion that Lavette's petition for postconviction relief is actually premised on actual innocence. A claim of actual innocence is not itself a constitutional claim, nor does it constitute a substantive ground for postconviction relief. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 26, citing *Herrera v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). Therefore, Lavette's "actual innocence" claim fails to raise "a denial or infringement of rights under the Ohio Constitution or the Constitution of the United States" as required by R.C. 2953.21.

{¶ 15} Accordingly, we find that the trial court did not abuse its discretion in consolidating Lavette's individual claims for relief because whether reviewed together or separately, the grounds for relief as presented are not cognizable claims for relief under R.C. 2953.21. The first assignment of error is overruled.

{¶ 16} Because Lavette did not raise any recognized constitutional claim or substantive ground for relief, the trial court did not abuse its discretion in not holding an evidentiary hearing on his petition. See *State v. Abdussatar*, 8th Dist. Cuyahoga No. 92439, 2009-Ohio-5232, ¶ 15 (the trial court does not abuse its discretion in dismissing a postconviction petition without a hearing if the petitioner fails to set forth sufficient operative facts to establish substantive grounds for relief). Accordingly, his second assignment of error is overruled.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER J., CONCURS;
EILEEN T. GALLAGHER, A.J., CONCURS WITH SEPARATE OPINION

EILEEN T. GALLAGHER, A.J., CONCURRING:

{¶ 18} I concur with the majority's determination that (1) Lavette's "actual innocence" claim fails to raise "a denial or infringement of rights under the Ohio Constitution or the Constitution of the United States" as required by R.C. 2953.21, and (2) a violation of due process is not implicated merely because a state's trial witness recants his trial testimony. I write separately, however, to further address Lavette's assertion that "witness recantation demonstrates that [his] conviction is based on insufficient evidence and violates his right to due process and thereby renders his conviction and sentence void or voidable."

{¶ 19} There is no dispute that "the denial of due process may be a sufficient basis for a petition for postconviction relief." *State v. Evans*, 8th Dist. Cuyahoga No. 72330, 1998 Ohio App. LEXIS 5067, 13 (Oct. 29, 1998). However, "to prevail on a postconviction claim, the petitioner must demonstrate a denial or infringement of his rights *in the proceedings resulting in his conviction* that rendered the conviction void or voidable under the Ohio Constitution or the United States Constitution." (Emphasis added.) *State v. Campbell*, 1st Dist. Hamilton No. C-950746, 1997 Ohio App. LEXIS 11, 7 (Jan. 8, 1997). In other words, R.C. 2953.21 focuses on whether a constitutional violation occurred during the underlying proceedings, such as the trial that led to Lavette's convictions in this case. *See State v. Powell*, 90 Ohio App.3d 260, 264, 629 N.E.2d 13 (1st Dist.1993) ("[T]he violation upon which the petitioner relies to establish his right to relief must be of constitutional dimension,

and it must have occurred at the time the petitioner was tried and convicted of a criminal offense.").

{¶ 20} Applying the foregoing, it is my position that a sufficiency of the evidence challenge does not present a viable claim under R.C. 2953.21 where, as here, it relies exclusively on evidence outside the record of the underlying proceedings. Although Lavette's second ground for relief is premised on principles of due process, the evidence supporting his position does not establish substantive grounds for postconviction relief because "'it does not, standing alone, demonstrate a constitutional violation in the proceedings that actually resulted in the conviction.'" *Evans* at 13, quoting *Powell* at 264. In short, because a sufficiency claim challenges the quantum of proof adduced at trial, it cannot rely on evidence outside the record. *State v. Campbell,* 1st Dist. Hamilton No. C-950746, 1997 Ohio App. LEXIS 11, 14 (Jan. 8, 1997) ("Evidence dehors the record is * * * not germane to the constitutional issues presented by [petitioner]'s sufficiency challenges.").

{¶ 21} In my view, Lavette's argument and reliance on Everette's recantation was better suited for a motion for new trial pursuant to Crim.R. 33. Nevertheless, because Lavette's petition and supporting documents did not adequately demonstrate sufficient operative facts establishing substantive grounds for relief, he was not entitled to a hearing, and the trial court did not err in denying the petition without a hearing. Accordingly, I join the majority's decision to overrule Lavette's first and second assignments of error.