[Cite as *State v. Murphy*, 2021-Ohio-3925.]

## COURT OF AMPPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                     :

                                  Nos. 110220 and 110483

    v.                                          :

ALLEN MURPHY,                                    :

    Defendant-Appellant.                    :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 4, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-625470-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary M. Frey and Tasha L. Forcione, Assistant Prosecuting Attorneys, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Erica B. Cunliffe and Paul Kuzmins, Assistant Public Defenders, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} In this consolidated appeal, Allen Murphy appeals from the trial court's denial of his petitions for postconviction relief and motion for leave to file a motion for a new trial. For the reasons that follow, we affirm.

## I.   Procedural Background

{¶ 2} In 2018, Murphy was named in a five-count indictment charging him with three counts of rape, and one count each of kidnapping and disseminating matter harmful to juveniles.  A jury found him guilty of all counts, and the trial court sentenced him to 25 years to life in prison.[1]

{¶ 3} Murphy appealed his convictions, raising nine assignments of error. *State v. Murphy*, 8th Dist. Cuyahoga No. 107836, 2019-Ohio-4347 ("*Murphy I*").[2] Relevant to this appeal, he contended that his convictions were against the sufficiency of the evidence because the state's "primary witness 'really does not know' whether the incident charged actually occurred"; (2) his convictions were against the manifest weight of the evidence; (3) the trial court erred by permitting Dr. McPherson to testify "that he diagnosed the alleged victim as a victim of sexual abuse"; (4) he was denied a fair trial when the state solicited testimony from its social worker that the victim's allegations were "substantiated"; (5) the trial court erred by not permitting Murphy to develop that the girlfriend of the victim's father had a history of speaking with young children about sexual matters; (6) "the trial court erred in allowing the government to introduce evidence of Murphy's

---

[1] Following the jury's verdict, but prior to sentencing, Murphy filed a motion for acquittal or new trial.  The trial court did not specifically rule on the motion, but in its sentencing journal entry, the trial court stated "[a]ll motions not specifically ruled on prior to the filing of this judgment entry are denied as moot."

[2] The facts of the case can be found in *Murphy I*, but the relevant facts will be discussed herein.

willingness to take a polygraph test and then impeach that same statement; (7) "the trial court erred in allowing the government to introduce statements on whether Appellant viewed pornography on his cellular phone and then impeach that same statement"; (8) ineffective assistance of trial counsel; and (9) he was precluded from cross-examining the state's expert about the victim's prior sexual abuse. This court found no merit to his assigned errors and affirmed his convictions and sentence.

{¶ 4} On December 3, 2019, Murphy timely filed a petition for postconviction relief, raising three grounds — (1) actual innocence because the victim recanted her allegation; (2) the state committed a *Brady* violation by failing to disclose that the victim attempted to recant her allegations; and (3) his trial counsel was ineffective. Attached to his petition, filed under seal, were (1) a transcript of the October 1, 2018 ex parte civil stalking protection order hearing conducted in Portage County, Ohio (Exhibit A) and (2) records from Cuyahoga County Division of Children and Family Services (Exhibit B).[3] Murphy requested that the trial court allow him to conduct

---

[3] The state contends in its appellate brief that the transcript was not attached to the petition as Exhibit A but rather, Exhibit A is a sworn statement by the victim's mother dated November 25, 2019. A review of the record demonstrates that in the state's brief in opposition to Murphy's petition, it relied on this November 25, 2019 statement as well. We also note that Murphy's motion to file his petition exhibits under seal indicated that Exhibit A was the victim's mother's sworn statement. However, as the trial court noted in its written opinion denying Murphy's petition, Exhibit A to the petition was the Portage County transcript. No party filed any motion or request with the trial court that the wrong information was considered, and no party has suggested to this court that the record should be corrected. Accordingly, this court will consider the same information that the trial court relied on in denying Murphy's 2019 petition.

discovery on his claims, afford him an evidentiary hearing, and grant him a new trial. The state opposed the petition.

{¶ 5} In December 2020, the trial court denied Murphy's petition without conducting an evidentiary hearing, but issued findings of fact and conclusions of law. The trial court concluded that the evidence submitted did not support his grounds for relief and did not demonstrate that any constitutional violation occurred that would afford him relief or an evidentiary hearing. Additionally, the trial court concluded that Murphy's claim of ineffective assistance of trial counsel was barred by res judicata because he raised or could have raised those arguments on direct appeal. Murphy timely appealed the trial court's decision.

{¶ 6} While the appeal was pending, Murphy filed a successive petition for postconviction relief and requested leave to file a motion for new trial. Both filings asserted the same arguments raised in his 2019 petition — that a *Brady* violation occurred when prosecutors failed to disclose that the victim attempted to recant her allegations prior to trial. Murphy supported these motions with (1) a transcript of the victim's sworn statements given during a Zoom interview conducted by Murphy's appellate counsel on September 3, 2020; (2) an affidavit from Murphy's trial counsel; and (3) an affidavit from Murphy's appellate counsel. This court issued a limited remand for the trial court to rule on Murphy's filings. On May 3, 2021, the trial court denied the request for leave to file a motion for a new trial and successive petition for postconviction relief. Murphy timely appealed the trial court's decisions.

{¶ 7} This court consolidated Murphy's two appeals for briefing and disposition. In his sole assignment of error, Murphy contends that the trial court violated his state and federal constitutional rights when it summarily denied his petition, successive petition for postconviction relief, and delayed motion for a new trial.

## II. 2019 Petition for Postconviction Relief

{¶ 8} A petition for postconviction relief is a collateral civil attack on a criminal judgment, not an appeal of the judgment. *State v. Lenard*, 8th Dist. Cuyahoga No. 108646, 2020-Ohio-1502, ¶ 8, citing *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). To prevail on a petition for postconviction relief, a defendant must establish a violation of his constitutional rights that renders the judgment of conviction void or voidable. R.C. 2953.21. A petition for post-conviction relief is a means to reach constitutional issues that would otherwise be impossible to reach because the evidence supporting those issues is outside the record of the petitioner's criminal conviction.

{¶ 9} It is well settled that a hearing is not automatically required whenever a petition for postconviction relief is filed. *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980). Rather, in considering a petition for postconviction relief, a trial court acts as a gatekeeper in determining whether a defendant will receive a hearing. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 51. A trial court may dismiss a petition for postconviction relief without a hearing "where the petition, the supporting affidavits, the documentary evidence, the files,

and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), paragraph two of the syllabus.

{¶ 10} "'The most significant restriction on Ohio's statutory procedure for postconviction relief is that the doctrine of res judicata requires that the claim presented in support of the petition represent error supported by evidence outside the record generated by the direct criminal proceedings.'" *Lenard* at ¶ 10, quoting *State v. Monroe*, 10th Dist. Franklin No. 04AP-658, 2005-Ohio-5242, ¶ 9.

{¶ 11} Under the doctrine of res judicata, constitutional issues cannot be considered in postconviction proceedings brought pursuant to R.C. 2953.21 where they have already or could have been fully litigated by the defendant, either before the judgment of conviction or on direct appeal from that judgment. *State v. Stedman*, 8th Dist. Cuyahoga No. 83531, 2004-Ohio-3298, ¶ 17, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph seven of the syllabus. Issues properly raised in a petition for postconviction relief are those that could not have been raised on direct appeal because the evidence supporting such issues is outside the record. *Stedman* at *id.*, citing *State v. Milanovich*, 42 Ohio St.2d 46, 50, 325 N.E.2d 540 (1975). If an issue has, or should have been raised on direct appeal, the trial court may dismiss the petition on the basis of res judicata. *Stedman* at *id.*, citing *State v. Spisak*, 8th Dist. Cuyahoga No. 67229, 1995 Ohio App. LEXIS 1567 (Apr. 13, 1995).

**{¶ 12}** We review the trial court's denial of Murphy's petition for an abuse of discretion. *Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, at ¶ 52. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Id.* at ¶ 16, citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶ 13}** In his 2019 petition, Murphy raised three grounds for relief: (1) actual innocence; (2) the state committed a *Brady* violation; and (3) ineffective assistance of trial counsel.

### A. Actual Innocence

**{¶ 14}** In his first claim for relief, Murphy contended that he is actually innocent of the charged offenses because the allegations were uncorroborated and the victim recanted her allegations. He supported this claim with Exhibit A, a transcript of an ex parte civil stalking protection order hearing conducted in Portage County, Ohio. Although this evidence is outside the record, the trial court determined that this transcript did not demonstrate any recantation of the victim's testimony. We agree. Our review of the supporting transcript reveals that the testimony presented at the hearing was given solely by the victim's mother. Accordingly, the testimony given regarding alleged statements, if any, made by the victim were merely hearsay.

**{¶ 15}** Additionally, there is no freestanding constitutional right to postconviction relief based on actual innocence. A claim of actual innocence is not itself a constitutional claim, nor does it constitute a substantive ground for

postconviction relief. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, at ¶ 26, citing *Herrera v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993); *see also State v. Williams*, 8th Dist. Cuyahoga No. 85180, 2005-Ohio-3023, ¶ 31. Accordingly, the trial court did not abuse its discretion in summarily denying his petition on the basis of actual innocence.

## B. *Brady* Violation

{¶ 16} Murphy contends in his second ground for relief that the state violated *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by withholding exculpatory evidence from his trial counsel. The exculpatory evidence that Murphy claims the state withheld are statements made by the victim prior to trial during meetings with the prosecutors. He contends that the victim attempted to recant the allegations but was told that she was unable to recant. Additionally, Murphy contends that the victim provided varying accounts of the allegations during those conversations. Finally, he maintains that the victim told the prosecuting attorney that she was uncertain whether the allegations were true because she had false, but vivid, memories of attending a boot camp for children who misbehaved. According to Murphy, those statements from the victim were recorded or memorialized but never provided to trial counsel.

{¶ 17} Our review of Murphy's petition and exhibits reveal that these allegations are unsupported by any evidence. First, the arguments raised in the petition do not cite to any evidence outside the record. And the exhibits filed under seal do not contain any information supporting Murphy's arguments. We note that

the state opposed Murphy's petition by discrediting the victim's mother's sworn statement, but as the trial court correctly noted, "the record being reviewed by this court does not contain such a statement." Accordingly, we find that the trial court did not abuse its discretion in concluding that Murphy failed to establish any *Brady* violation.

### C. Ineffective Assistance of Counsel

{¶ 18} In his third ground for relief, Murphy contends that his trial counsel was ineffective because he only met briefly with counsel before trial, and that counsel failed to (1) call any witnesses to provide an alibi; (2) subpoena or speak with doctors and counselors who treated the victim; (3) retain a medical expert to rebut the state's expert regarding the correlation between sexual abuse and a physical examination; (4) call the victim's mother as a witness; (5) cross-examine the victim on a prior false allegation of assault; (6) object to the state's use of Murphy's internet searches and willingness to take a polygraph; (7) object to the testimony of Detective Adkins; and (8) fully develop and proffer the facts and circumstances surrounding an alleged incident of abuse in 2013 and the involvement of the victim's "stepmother." He further contends that counsel opened the door to damaging testimony from Dr. McPherson. According to Murphy, had counsel investigated and developed this new information and the information readily available to him, the state's case against him would have been undermined.

{¶ 19} In support of these allegations, Murphy relies on confidential records from the Cuyahoga County Division of Children and Family Services related to a

prior allegation and investigation in 2015 involving the victim. A review of the record reveals that these records were provided or made available to trial counsel prior to trial; thus, the records are not evidence outside the record. *See* Docket No. 13, Submission of CCDCFS Records; and Docket No. 17, Supplemental Response to Request for Discovery.

{¶ 20} Additionally, Murphy challenged on direct appeal (1) Dr. McPherson's testimony; (2) the discussions and interactions between the victim and her father's girlfriend; (3) testimony regarding Murphy's willingness to take a polygraph test; (4) the use of his internet searches; and (5) that he was denied effective assistance of counsel. *See Murphy* at ¶ 4, 82.

{¶ 21} Accordingly, because the evidence relied upon by Murphy in support of this ground for relief was available to him during trial, and the arguments made in his petition were or could have been addressed on direct appeal, we agree with the trial court that res judicata bars his postconviction ground for relief regarding his ineffective assistance of counsel claim.

{¶ 22} Based on the foregoing, we find that the trial court did not abuse its discretion in dismissing Murphy's 2019 petition for postconviction relief without a hearing because the petition, the supporting evidence, and the record do not demonstrate sufficient operative facts to establish substantive grounds for relief, or in the alternative, res judicata bars his requested grounds for relief.

### III. 2021 Leave to File Motion for New Trial

{¶ 23} This court reviews the denial of a motion for leave to file a delayed motion for new trial for an abuse of discretion, which is not simply an error of law or judgment, but implies the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Dues*, 8th Dist. Cuyahoga No. 105388, 2017-Ohio-6983, ¶ 11; *Adams*, 62 Ohio St.2d at 157, 404 N.E.2d 144.

{¶ 24} According to Crim.R. 33(A)(6), a new trial may be granted on a defendant's motion for new trial where new evidence materially affects the defendant's substantial rights and meets the following:

> When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

{¶ 25} Under Crim.R. 33(B), a motion for new trial based on newly discovered evidence must be filed within 120 days after a verdict is rendered. A party who fails to file a motion for new trial within that time must seek leave from the trial court to file a delayed motion for new trial. *State v. Hale*, 8th Dist. Cuyahoga No. 107782, 2019-Ohio-1890, ¶ 9. The trial court may grant leave to file a delayed motion for new trial if the movant shows, by clear and convincing evidence, that he

was unavoidably prevented from filing the motion for new trial and he sought leave within a reasonable time after discovering the evidence. *Id.* at ¶ 9-10.

{¶ 26} "Unavoidably prevented" from filing a timely motion for new trial occurs when the defendant (1) had no knowledge of the existence of the grounds supporting the motion for new trial, and (2) could not have learned, in the exercise of reasonable diligence, of the existence of those grounds within the prescribed time. *State v. Gray*, 8th Dist. Cuyahoga No. 107394, 2019-Ohio-1638, ¶ 11. Additionally, he must show that the motion for leave was filed within a reasonable time after the new evidence was discovered. *Id.* at ¶ 18. If a significant delay occurs, the trial court must ascertain whether the delay was reasonable under the circumstances or whether the movant adequately explained why the delay occurred. *Id.*

{¶ 27} It is undisputed that Murphy's motion for a new trial was filed well beyond Crim.R. 33(B)'s 120-day time limit. Accordingly, Murphy must establish by clear and convincing evidence that he was unavoidably prevented from discovering the grounds or new evidence and his motion was filed within a reasonable time.

{¶ 28} We find that Murphy has failed to demonstrate that he was unavoidably prevented from discovering any pretrial conversations between the victim and the prosecutors prior to the expiration of the time constraints of Crim.R. 33. In fact, the victim testified at trial that she was uncertain whether the allegations were true because "like it could have been a dream," and testified regarding false-memory events, including the "boot camp story." (Tr. 418.) Accordingly, Murphy

was on notice that the victim's allegations may have been based on a faulty recollection.[4]

{¶ 29} Additionally, Murphy has not demonstrated that he, or through counsel, was unavoidably prevented from speaking with the victim before or after trial regarding her testimony. It is the duty of the defendant and his counsel to make a serious effort, on their own, to discover favorable evidence. *State v. Williams*, 8th Dist. Cuyahoga No. 99136, 2013-Ohio-1905, ¶ 8. Claims that evidence was undiscoverable simply because the defense did not take the necessary steps earlier to obtain the evidence do not satisfy the requisite standard. *State v. Hill*, 8th Dist. Cuyahoga No. 108250, 2020-Ohio-102, ¶ 31. In this case, trial counsel stated in his affidavit that he relied on the state producing any and all statements made by the victim, and although he spoke with the victim's mother, he did not interview the victim himself prior to trial. To the extent that trial counsel was ineffective because he failed to conduct a pretrial interview with the victim, this issue could have been raised on direct appeal.

{¶ 30} Additionally, the victim's sworn statement from the September 3, 2020 interview with appellate counsel revealed that once allowed, she re-established

---

[4] Murphy raised on direct appeal that his convictions were not supported by sufficient evidence "because [the victim] does not really know whether the incident really occurred and there is little to no evidence that corroborates [the victim's] memory." *Murphy* at ¶ 11. This court disagreed and cited to pages of transcript where the victim was extensively questioned about her August 2017 statement to her mother that the "incident seemed like a dream," and about a prior false memory of attending a boot camp. *Id.* at ¶ 14-16.

communication with Murphy.  He has failed to demonstrate that he or appellate counsel was unavoidably prevented from interviewing the victim after such time to ascertain what conversations she had with the state prior to trial — conversations that Murphy already knew occurred.

{¶ 31} The victim's alleged recantation of her trial testimony was known to Murphy and counsel as early as December 2019 when his petition for postconviction relief was filed.  Murphy specifically raised a *Brady* violation as a ground for relief, contending that the prosecutor withheld evidence that the victim attempted to recant her trial testimony during a pretrial interview.  *See* Docket No. 73, Petition to Vacate or Set Aside Judgment and/or Sentence Pursuant to R.C. 2953.21.

{¶ 32} Accordingly, Murphy has failed to show by clear and convincing evidence that he was unavoidably prevented from discovering this purported new evidence prior to the prescribed time in Crim.R. 33.

{¶ 33} Murphy has also failed to show that he requested leave to file a motion for new trial within a reasonable period of time.  We note that the new evidence was purportedly discovered as soon as June 2020 — when appellate counsel first interviewed the victim — yet his motion was not filed until April 2021.  Granted, the COVID-19 pandemic may have caused some delay, but in the world of technology and e-filing, the delay of ten months, under the timing and circumstances previously discussed, is unreasonable.  Moreover, when Murphy obtained the victim's sworn statement, his 2019 petition for postconviction relief — which raised the issue that the victim recanted her trial testimony — was still pending and could have been

supplemented with the victim's sworn statement; the trial court did not deny the petition until December 2020.

{¶ 34} Accordingly, we find that the trial court did not abuse its discretion in denying Murphy's motion for leave to file a motion for new trial

## IV. Successive Petition for Postconviction Relief

{¶ 35} R.C. 2953.23 governs untimely and successive petitions for postconviction relief. R.C. 2953.23(A) prohibits a trial court from entertaining a second or successive petition for postconviction relief unless the petition meets two conditions. First, the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner. Second, the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial. *See* R.C. 2953.23(A)(1).

{¶ 36} Murphy raised two grounds for relief in his successive petition: (1) the state committed a *Brady* violation for failing to disclose the victim's alleged recantation during pretrial interviews; and (2) actual innocence based on the alleged recantation. These two grounds were also the basis of his 2019 petition and subsequent motion for new trial. Notwithstanding the effects of res judicata, we find no abuse of discretion by the trial court in summarily denying his successive petition.

**{¶ 37}** Murphy does not contend that a new right has been recognized and retroactively applies to him; he contends that he was unavoidably prevented from discovering new evidence. However, the "unavoidably prevented" requirement in R.C. 2953.23(A)(1) mirrors the "unavoidably prevented" requirement in Crim.R. 33(B). *State v. Waddy*, 2016-Ohio-4911, 68 N.E.3d 381, ¶ 27 (10th Dist.). Accordingly, for the same reasons stated in finding no abuse of discretion by the trial court in denying Murphy's motion for leave, we also find no abuse of discretion in denying his successive petition for postconviction relief without conducting a hearing. Murphy has failed to demonstrate that he was unavoidably prevented from discovering the victim's alleged recantation to permit a trial court to consider a successive postconviction relief. The assignment of error is overruled.

**{¶ 38}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, A.J., and
EILEEN T. GALLAGHER, J., CONCUR