[Cite as *State v. Miller*, 2022-Ohio-378.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,           :

                                       No. 110571

    v.                            :

LEELIN J. MILLER,                       :

    Defendant-Appellant.          :

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 10, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-13-572533-A

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Mary M. Frey, Assistant Prosecuting
Attorney, *for appellee.*

John P. Parker, *for appellant.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} Appellant Leelin J. Miller appeals the trial court's decision that denied his motion for leave to file a new trial motion and his petition for postconviction relief. Upon review, we affirm.

**Background**

{¶ 2} In August 2013, Miller was convicted of aggravated murder and related offenses arising from the shooting of Richard McCoy ("the victim"). Miller was sentenced to an aggregate prison term of 49 years to life. The conviction was affirmed on direct appeal in *State v. Miller*, 8th Dist. Cuyahoga No. 100461, 2014-Ohio-3907. A detailed factual history of the case is set forth in that opinion. We include a brief overview of the facts for purposes of this appeal.

{¶ 3} During Miller's trial, Mario Godfrey provided eyewitness testimony of events leading up to and including the shooting, and he identified Miller as the shooter. According to Godfrey's testimony, he was in the front passenger seat of a van driven by the victim, Miller was seated in the rear passenger seat behind the driver, and Miller shot the victim after the victim ignored Miller's repeated requests to be dropped off. Godfrey testified that after the shooting occurred, he called his girlfriend to pick him up and told her what happened, and the next day he told his mother what happened. Godfrey learned of the victim's death the morning after the shooting. Godfrey stated that Miller called him the next evening and threatened the same thing would happen to Godfrey if he opened his mouth.

{¶ 4} Evidence was introduced that corroborated Godfrey's account of the shooting. Godfrey's cell phone records corroborated his testimony that he telephoned his girlfriend shortly after the shooting and his mother the next day. The testimony of Godfrey's then girlfriend and his mother corroborated that Godfrey told each of them about the shooting. The medical examiner testified that the path of the bullet wounds was consistent with the victim being seated and shot from behind, but he also acknowledged that it was plausible that it was consistent with a person running with their hip flexed. According to the forensic scientist, gunshot residue was found on the victim's hand, which would be consistent with being inside a vehicle and the gun being shot close to him. Miller's own statement placed him in the vehicle with both Godfrey and the victim on the night of the victim's shooting. Miller also implicated himself in his interview with the police, expressing that only three people "knew what happened," yet stating the victim dropped off Godfrey first.

{¶ 5} Seven years after Miller's conviction, on November 30, 2020, Miller filed a motion for leave to file new trial motion under Crim.R. 33(A)(6), and on December 1, 2020, he filed a petition for postconviction relief. Attached to the motion and the petition are (1) a handwritten, notarized statement from Godfrey; (2) an affidavit of the notary confirming that on July 15, 2019, she notarized a three-page document signed in her presence by Godfrey; (3) an affidavit from Miller's son stating he was given the three-page document from a family friend in September 2019 and that Miller directed him to send it to the Ohio Innocence Project; and (4)

a letter from the Ohio Innocence Project dated September 16, 2020, to Miller's counsel that attached the original three-page document.

{¶ 6} In his sworn statement, Godfrey now maintains that on the night in question, he was dropped off before Miller, that the victim left with Miller to drop Miller off, that Godfrey does not know what happened to the victim thereafter, that Godfrey learned of the victim's death the next morning, and that Godfrey never saw Miller with a gun or Miller shoot the victim. Godfrey also states he was told if he did not testify to his statement given to the police, then he would be charged with murder, and he was pressured into testifying. He further states he told his girlfriend at the time and his mother that if he did not testify, he was getting charged with murder, and he made them "think I seen it so they would testify to it."

{¶ 7} On May 26, 2021, the trial court denied both Miller's petition for postconviction relief and his motion for leave to file new trial motion without a hearing. Miller timely filed this appeal.

**Law and Analysis**

{¶ 8} Under his assigned errors, Miller challenges the trial court's decision to deny his motion for leave to file new trial motion and to deny his petition for postconviction relief. He also raises an actual innocence claim.

{¶ 9} Although Miller states that the November 30, 2020 docket entry for the filing of the motion for leave notes it was granted June 2, 2021, this was noted in error on the docket. There is no corresponding journal entry granting leave, and the trial court's journal entry dated May 26, 2021, contains the court's ruling

denying the motion for leave. Because leave was denied, the court never reached a ruling on the motion for new trial.

### A. Motion for leave to file new trial motion

**{¶ 10}** Under his first assignment of error, Miller claims the trial court erred in denying his motion for leave to file new trial motion.

**{¶ 11}** A party who fails to timely file a motion for new trial must seek leave from the trial court to file a delayed motion for new trial. *State v. Murphy*, 8th Dist. Cuyahoga Nos. 110220 and 110483, 2021-Ohio-3925, ¶ 25, citing *State v. Hale*, 8th Dist. Cuyahoga No. 107782, 2019-Ohio-1890, ¶ 9. This court reviews a trial court's denial of leave to file an untimely motion for new trial for an abuse of discretion. *State v. Briscoe*, 8th Dist. Cuyahoga No. 110490, 2021-Ohio-4317, ¶ 19, citing *State v. Sutton*, 2016-Ohio-7612, 73 N.E.3d 981, ¶ 13 (8th Dist.). We also review the trial court's decision whether to hold a hearing on the motion for an abuse of discretion. *Id.*, citing *Sutton* at ¶ 24. An abuse of discretion implies that a trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 12}** Miller moved the trial court for leave to file a delayed motion for new trial based on newly discovered evidence under Crim.R. 33(A)(6). Crim.R. 33(B) requires a motion for new trial on account of newly discovered evidence to be filed "within one hundred twenty days after the day upon which the verdict was rendered," unless "it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon

which he must rely" within the 120-day period prescribed by the rule. Crim.R. 33(B); *see also Briscoe* at ¶ 20-21. Clear and convincing proof "is that measure or degree of proof [that] is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' * * *, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. The defendant is "unavoidably prevented" from discovering evidence if he has no knowledge of the existence of the grounds supporting the motion and could not have learned of that existence in the exercise of reasonable diligence within the time prescribed by the rule. *Briscoe* at ¶ 24, citing *State v. Gray*, 8th Dist. Cuyahoga No. 92646, 2010-Ohio-11, ¶ 17. A trial court does not abuse its discretion in denying a motion for leave to file a delayed motion for new trial without an evidentiary hearing when the motion and supporting affidavits fail on their face to demonstrate that the defendant was unavoidably prevented from timely discovery of the statement. *Id.* at ¶ 23.

{¶ 13} Miller's motion for leave to file new trial motion was filed over seven years after the verdict was rendered in this case, which is well over the 120-day deadline stated in Crim.R. 33(B). Crim.R. 33(B) required Miller to demonstrate, by clear and convincing proof, that he was unavoidably prevented from discovering the evidence upon which he relies within 120 days of the verdict. Miller does not describe any actions undertaken within the 120-day period and fails to explain why he, through counsel, was unavoidably prevented from speaking with Godfrey after

trial regarding his testimony. Godfrey's sworn statement was provided to a friend of Miller's family and does not explain the circumstances under which it was made or indicate that he was not willing to provide the information earlier.

{¶ 14} A defendant and his counsel have a duty of their own to make a serious effort to discover favorable evidence. *Murphy*, 8th Dist. Cuyahoga Nos. 110220 and 110483, 2021-Ohio-3925, at ¶ 29, citing *State v. Williams*, 8th Dist. Cuyahoga No. 99136, 2013-Ohio-1905, ¶ 8; *see also State v. Hubbard*, 8th Dist. Cuyahoga No. 108853, 2020-Ohio-2726, ¶ 56, citing *State v. Jackson*, 8th Dist. Cuyahoga No. 108241, 2019-Ohio-4893, ¶ 20. One may not claim that evidence was undiscoverable simply because an affidavit recanting testimony was not obtained sooner. *State v. Fortson*, 8th Dist. Cuyahoga No. 82545, 2003-Ohio-5387, ¶ 11. Also, "[m]ere conclusory allegations do not prove that the defendant was unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial." *State v. Cashin*, 10th Dist. Franklin No. 17AP-338, 2017-Ohio-9289, ¶ 17, citing *State v. Noor*, 10th Dist. Franklin No. 16AP-340, 2016-Ohio-7756, ¶ 11.

{¶ 15} We recognize that Miller is incarcerated and appreciate the logistical difficulties for inmates in obtaining legal representation and investigating. However, Miller offered no explanation of any potential efforts to discover favorable evidence in the exercise of reasonable diligence during the 120-day period. Also, although Miller claims Godfrey did not recant his trial testimony until years after the trial, Miller did not provide any evidence that Godfrey was unwilling to speak

with him or a representative regarding Godfrey's trial testimony, such that he was unavoidably prevented from discovering this purported new evidence sooner. *See Murphy* at ¶ 29-32. Even if Miller had established that he was unavoidably prevented from discovering the purported new evidence within the time prescribed by the rule, Miller was required to demonstrate that his motion for leave was filed within a reasonable time after discovering the new evidence. *See State v. Lundy*, 10th Dist. Franklin No. 19AP-505, 2020-Ohio-1585, ¶ 14, citing *State v. N.D.C.*, 10th Dist. Franklin No. 15AP-63, 2015-Ohio-3643, ¶ 16.

{¶ 16} To obtain leave, the movant must show that the motion for leave was filed within a reasonable time after the new evidence was discovered. *Gray*, 8th Dist. Cuyahoga No. 92646, 2010-Ohio-11, at ¶ 18, citing *State v. Berry*, 10th Dist. Franklin No. 06AP-803, 2007-Ohio-2244, ¶ 37. "If a significant delay occurs, the trial court must ascertain whether the delay was reasonable under the circumstances or whether the movant adequately explained why the delay occurred." *Murphy* at ¶ 6, citing *Gray* at ¶ 11. Miller has failed to show that he requested leave to file a motion for new trial within a reasonable period of time after learning of Godfrey's recantation. Godfrey's sworn statement was known to Miller as early as September 2019, when Miller's son obtained the document and was instructed by Miller to take it to the Ohio Innocence Project. Yet, Miller's motion for leave to file new trial motion was not filed until November 2020. Although Miller attributes the delay to the Ohio Innocence Project, stating they did not act more quickly, Miller fails to sufficiently explain the delay of over a year in filing his motion. *See Lundy* at ¶ 19.

Miller has failed to show that he took any other steps to file his motion within a reasonable time or to establish the delay was reasonable under the circumstances. *See Gray* at ¶ 33 ("in the world of technology and e-filing, the delay of ten months, under the timing and circumstances * * *, is unreasonable."); *Hubbard*, 8th Dist. Cuyahoga No. 108853, 2020-Ohio-2726, at ¶ 62-63 (motion for leave was not filed within a reasonable time when filed more than one year after affidavits were executed); *State v. Hill*, 8th Dist. Cuyahoga No. 108250, 2020-Ohio-102, ¶ 25, 28 (affidavit recanting affiant's prior trial testimony submitted over a year after its receipt was not timely brought to the court's attention); *State v. Woodward*, 10th Dist. Franklin No. 08AP-1015, 2009-Ohio-4213, ¶ 17 ("Although we appreciate the logistical difficulties an inmate faces in trying to communicate with a lawyer, the trial court did not abuse its discretion in concluding this explanation does not justify appellant's delay of more than two years before filing his motions.").

{¶ 17} We also recognize the purported newly discovered evidence is Godfrey's recantation of his trial testimony. "A witness's recantation of testimony can be newly discovered evidence if the court finds the new testimony credible and if the new testimony would materially affect the outcome of the trial." *Gray* at ¶ 29, citing *State v. Burke*, 10th Dist. Franklin No. 06AP-686, 2007-Ohio-1810, ¶ 18. Courts view a witness's recantation of trial testimony with the utmost suspicion. *State v. Collins*, 8th Dist. Cuyahoga No. 108486, 2020-Ohio-918, ¶ 53, citing *State v. Nunez*, 8th Dist. Cuyahoga No. 104917, 2017-Ohio-5581, ¶ 35. "Newly discovered evidence must do more than merely impeach or contradict evidence at trial, and

there must be some compelling reason to accept a recantation over testimony given at trial." *Fortson*, 8th Dist. Cuyahoga No. 82545, 2003-Ohio-5387, at ¶ 13, citing *State v. Mack*, 8th Dist. Cuyahoga No. 75086, 1999 Ohio App. LEXIS 5063, 7-8 (Oct. 28, 1999). Under the circumstances of this case, the trial court would have been justified in finding Godfrey's statement lacks credibility and does not create a strong probability of a different result.[1]

{¶ 18} Godfrey provided no reason for why he waited several years to come forward with his statement. The record before us reflects that unlike his sworn statement, Godfrey's trial testimony was consistent with and corroborated by other testimony and evidence. In his sworn statement, Godfrey indicates that he was pressured into testifying and that he told his then girlfriend and his mother that if he did not testify, he was getting charged with murder and he made them "think I seen it so they would testify to it." However, the testimony and evidence at trial showed that Godfrey informed his then girlfriend and his mother what happened before he ever contacted the police. In this court's decision on the direct appeal, this court reviewed the testimony on this as follows:

> [After Miller shot Godfrey], Godfrey ran out of the van and up the street to his uncle's house. Godfrey testified that he was not sure if Miller actually shot [the victim] because he saw [the victim] "running up the street." Godfrey then saw Miller take off in the van.

---

[1] The circumstances of this case are distinguishable from *Gray*, 8th Dist. Cuyahoga No. 94282, 2010-Ohio-5842, which is cited by appellant. In *Gray*, the affidavits, one of which was from a person claiming to be the actual shooter and the other from a recanting witness, if true, would have exonerated the defendant and could not be discredited on their face under the circumstances involved. *Id.* at ¶ 24.

Godfrey called his girlfriend to pick him up and told her what happened. * * *

Godfrey testified that, in addition to telling his girlfriend, he told his parents what happened, all of whom encouraged him to contact the police. * * *

Godfrey testified that he feared Miller, resulting in him hiding in his house after the shooting. After consulting with an attorney, Godfrey eventually contacted the police and provided a written statement regarding the shooting. * * *

Maurita Mays, Godfrey's girlfriend, testified that Godfrey called her in the evening [of the shooting], and asked her to pick him up at his uncle's house. According to Mays, Godfrey told her that "some effed up stuff had happened. That [Miller] shot [the victim]." Mays testified that Godfrey was crying when he told her and that the two of them were in shock. Mays testified that they went to the Fourth District to report the shooting but that Godfrey never went inside. Mays testified that she told Godfrey to get an attorney first before reporting it to the police.

The state also offered the testimony of Godfrey's mother, who corroborated that Godfrey told her about the shooting the next day. According to Godfrey's mother, she too told him that he had to report the shooting to the police.

*Miller*, 8th Dist. Cuyahoga No. 100461, 2014-Ohio-3907, at ¶ 12-17.

{¶ 19} Additionally, Godfrey's cell phone records confirmed the timing of the calls made to his then girlfriend and to his mother. The victim's gunshot wounds were consistent with being shot from behind, and gunshot residue was found on the victim's hand, which would be consistent with being shot inside the vehicle and being close to the gun being shot. Also, Miller's own statement placed himself in the vehicle with Godfrey and the victim on the night of the shooting, and Miller also implicated himself, expressing that only three people "knew what happened." As

found in Miller's direct appeal, "Godfrey's testimony was further substantiated by other evidence presented by the state, including Miller's own statement placing him with [the victim] and Miller on the night of the shooting" and "the state presented other circumstantial evidence that corroborated various aspects of Godfrey's testimony." *Miller* at ¶ 39, 53.

{¶ 20} There was no compelling reason to accept Godfrey's recantation over his testimony given at trial. Godfrey's sworn statement was contradictory to his trial testimony and the corroborating evidence that was presented. The trial court could have determined, without the need for a hearing, that Godfrey's sworn statement lacked credibility. *See Collins*, 8th Dist. Cuyahoga No. 108486, 2020-Ohio-918, at ¶ 55.

{¶ 21} For all the foregoing reasons, we find the trial court did not abuse its discretion in denying the motion for leave to file new trial motion or in denying the motion for leave without an evidentiary hearing. We overrule the first assignment of error.

## B. Actual innocence claim

{¶ 22} Under his second assignment of error, Miller claims that he is entitled to relief because "he is actually innocent" and that his convictions violate the federal Constitution and the Ohio Constitution in light of Godfrey's recantation. This court has previously rejected any request to recognize a "freestanding actual innocence claim" that "no other court in Ohio has previously recognized in a petition for postconviction relief." *State v. Jordan*, 8th Dist. Cuyahoga No. 109345, 2021-Ohio-

701, ¶ 55. "A claim of actual innocence is not itself a constitutional claim, nor does it constitute a substantive ground for postconviction relief." *State v. Lavette*, 8th Dist. Cuyahoga No. 108997, 2020-Ohio-5338, ¶ 14, citing *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 26,[2] citing *Herrera v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993); *see also State v. McLin*, 8th Dist. Cuyahoga No. 103172, 2016-Ohio-302, ¶ 10 (recognizing "the plethora of case law establishing that a claim of actual innocence based on newly discovered evidence is not itself a constitutional claim nor does it constitute a substantive ground for postconviction relief"). Such a claim "fails to raise a denial or infringement of rights under the Ohio Constitution or the Constitution of the United States as required by R.C. 2953.21." *Lavette* at ¶ 14, citing R.C. 2953.21(A)(1)(a)(i). We are not persuaded by Miller's argument and overrule his second assignment of error.

## C. Petition for postconviction relief

{¶ 23} Under his third assignment of error, Miller claims the trial court erred in denying his petition for postconviction relief. "'[W]hether a court of common pleas possesses subject-matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law, which appellate courts review de novo.'" *Apanovitch* at ¶ 24, quoting *State v. Kane*, 10th Dist. Franklin No. 16AP-781, 2017-Ohio-7838, ¶ 9. R.C. 2953.23(A) permits a prisoner to file an untimely petition for

---

[2] In *Apanovitch*, the Supreme Court of Ohio has held that a claim of "actual innocence" does not amount to a "constitutional error at trial" for purposes of satisfying R.C. 2953.23(A)(1)(b). *Apanovitch* at ¶ 26.

postconviction relief under limited circumstances. Relevant to this case, R.C. 2953.23(A) requires Miller to (1) show he "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief," and (2) show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."

{¶ 24} "[T]he 'unavoidably prevented' requirement in R.C. 2953.23(A)(1) mirrors the 'unavoidably prevented' requirement in Crim.R. 33(B)." *Murphy*, 8th Dist. Cuyahoga Nos. 110220 and 110483, 2021-Ohio-3925, at ¶ 37, citing *State v. Waddy*, 2016-Ohio-4911, 68 N.E.3d 381, ¶ 27 (10th Dist.). Accordingly, for the same reasons stated in denying Miller's motion for leave, we also find Miller has failed to demonstrate that he was unavoidably prevented from discovering Godfrey's purported recantation so as to permit a trial court to consider an untimely petition for postconviction relief. *See Murphy* at ¶ 37.

{¶ 25} Also, Miller's actual innocence claim, based on Godfrey's purported recantation, is not a constitutional claim, nor does it constitute a substantive ground for postconviction relief. *See Lavette* at ¶ 14-15. "[A] violation of due process is not implicated merely because a state's trial witness recants his trial testimony. A conviction based upon perjured testimony does not implicate constitutional rights absent a showing that the state knew of the perjury." *Lavette* at ¶ 12, citing *State v. Blalock*, 8th Dist. Cuyahoga No. 100194, 2014-Ohio-934, ¶ 50.

{¶ 26} Although Miller argues the trial court should have conducted an evidentiary hearing, "a hearing is not automatically required whenever a petition for postconviction relief is filed." *Murphy*, 8th Dist. Cuyahoga Nos. 110220 and 110483, 2021-Ohio-3925, at ¶ 9, citing *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980). Rather, "a trial court may dismiss a petition for postconviction relief without a hearing 'where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief.'" *Id.*, quoting *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), paragraph two of the syllabus. Because Miller did not raise any recognized constitutional claim or substantive ground for relief, the trial court did not abuse its discretion in not holding an evidentiary hearing on his petition.

{¶ 27} Appellant's third assignment of error is overruled.

{¶ 28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN T. GALLAGHER, J., CONCUR

KEYWORDS: State v. Miller 110571 KK (SG) ET

Leave; new trial; hearing; abuse of discretion; newly discovered; Crim.R. 33(A)(6); Crim.R. 33(B); unavoidably prevented; reasonable time; eyewitness testimony; recantation; actual innocence; postconviction relief; untimely; R.C. 2953.23(A)(1).

The trial court did not abuse its discretion in denying appellant's motion for leave to file new trial motion based on newly discovered evidence or in denying the motion for leave without an evidentiary hearing. Appellant did not show that he was unavoidably prevented from discovering the purported newly discovered evidence of an eyewitness's statement recantation of his trial testimony or that he requested leave to file his motion for new trial within a reasonable period of time. Appellant's claim of actual innocence was rejected. Appellant's untimely petition for postconviction relief was properly denied.