JONES, APPELLANT, *v*. ACTION COUPLING & EQUIPMENT,
INC., APPELLEE; [CONRAD], ADMR., BUREAU OF
WORKERS' COMPENSATION, APPELLANT.

[Cite as *Jones v. Action Coupling & Equip.,
Inc.*, 98 Ohio St.3d 330, 2003-Ohio-1099.]

(Nos. 2002–0070 and 2002–0149—Submitted January
22, 2003—Decided March 26, 2003.)

FRANCIS E. SWEENEY, SR., J.

{¶ 1} Appellant, Steven S. Jones, was injured while working for appellee, Action Coupling & Equipment, Inc. ("Action Coupling"). An Industrial Commission[1] district hearing officer allowed the claim and awarded temporary total disability benefits. Pursuant to R.C. 4123.512, Action Coupling, a state-fund employer, appealed from the decision to the common pleas court prompting Jones to file a complaint supporting his right to participate in the state fund. See R.C. 4123.512(D). Appellant James Conrad, Administrator of the Bureau of Workers' Compensation ("administrator"), filed an answer acknowledging Jones's right to participate in the fund.

{¶ 2} A dismissal entry was filed with the court on March 16, 2001, stating that "[t]his case is settled and dismissed with prejudice by agreement of the parties." The entry was signed by the attorneys for Jones, Action Coupling, and the administrator. A written settlement agreement was prepared and circulated

---

1. The commission and the administrator offer different views as to the applicability of R.C. 4123.65. Therefore, the commission retained separate counsel and appears as an amicus in this case in support of Action Coupling.

to the parties. Jones and his attorney signed the agreement on April 5, 2001. However, Action Coupling did not sign the agreement. Instead, on April 19, 2001, through new counsel, Action Coupling filed a motion for relief from judgment seeking to vacate the March 16 dismissal entry. Action Coupling argued that it was withdrawing its consent to settle pursuant to R.C. 4123.65(C). Assuming that R.C. 4123.65 applied, the trial court denied the motion on the grounds that Action Coupling's withdrawal of consent had not been filed within 30 days as required by division (C) of the statute. The court then granted Jones's motion to enforce the settlement.

{¶ 3} The court of appeals reversed, finding that R.C. 4123.65 applied to all settlements and that under Division (A), every workers' compensation settlement agreement must be in writing and must be submitted to the administrator for approval. Since the agreement had not been finalized in accordance with the statute, the 30–day "cooling off" period had never begun. Therefore, the court concluded that Action Coupling was entitled to relief from judgment. However, the court certified its decision as being in conflict with *Bedinghaus v. Admr., Bur. of Workers' Comp.* (Mar. 16, 2001), Hamilton App. No. C–000468, 2001 WL 300734, and *Macek v. Damon Baird Excavating & Land Improvement Co.* (Dec. 21, 1999), Columbiana App. No. 99–CO–6, 1999 WL 1243297.

{¶ 4} The cause is now before the court upon the allowance of a discretionary appeal and upon our determination that a conflict exists.

{¶ 5} The certified question is "[w]hether R.C. 4123.65 is applicable to state fund claims in which settlement is reached during litigation brought pursuant to R.C. 4123.512." We answer this question in the negative. Accordingly, the judgment of the court of appeals is reversed.

{¶ 6} R.C. 4123.65 addresses the settlement of workers' compensation claims. R.C. 4123.65(A) provides:

{¶ 7} "A *state fund employer* * * * *may* file an application with the administrator of workers' compensation for approval of a final settlement of a claim under this chapter. * * * *Every self-insuring employer* that enters into a final settlement agreement with an employee *shall* mail * * * a copy of the agreement to the administrator and the employee's representative." (Emphasis added.)

{¶ 8} R.C. 4123.65(C) provides:

{¶ 9} "*No settlement agreed to under division (A) of this section or agreed to by a self-insuring employer and the self-insuring employer's employee* shall take effect until thirty days after the administrator approves the settlement for state fund employees and employers, or after the self-insuring employer and employee sign the final settlement agreement. During the thirty-day period, the employer, employee, or administrator, for state fund settlements, and the employer or

employee, for self-insuring settlements, may withdraw consent to the settlement by an employer providing written notice to the employer's employee and the administrator or by an employee providing written notice to the employee's employer and the administrator, or by the administrator providing written notice to the state fund employer and employee." (Emphasis added.)

{¶ 10} In *Gibson v. Meadow Gold Dairy* (2000), 88 Ohio St.3d 201, 724 N.E.2d 787, we held that the settlement of all workers' compensation claims involving self-insured employers is subject to the requirements of R.C. 4123.65 that the settlement agreement must be in writing and is not effective until 30 days after signing. In *Gibson,* we declined to address the issue that is now before us, i.e., whether R.C. 4123.65 applies to all settlements of workers' compensation claims involving state-fund employers. Nevertheless, we did touch upon it, in dicta, when we stated: "Settlements involving state-fund employers are referred to in the statute with different language. For example, the statute applies to 'every' self-insured settlement, but does not have corresponding language encompassing 'every' state-fund settlement." Id., 88 Ohio St.3d at 203, 724 N.E.2d 787.

{¶ 11} The cases certified as being in conflict with this appeal picked up on this distinction, and held that state-fund judicial settlements are not subject to R.C. 4123.65. In *Bedinghaus,* supra, the court stressed that unlike claims involving self-insured employers, which are always subject to the statute, in state-fund claims the employer, employee, or administrator " 'may' file for settlement approval under the statute, but they are not required to do so. See R.C. 4123.65(A)." Similarly, in *Macek,* supra, the court held that R.C. 4123.65 does not apply to this type of case, i.e., one involving a state-fund employer. It further explained that "the appeal came under R.C. 4123.512 and was not initiated under R.C. 4123.65(A). Therefore, the 'cooling off' period of R.C. 4123.65(C) did not apply."

{¶ 12} We believe that the certified cases were correctly decided. When the statutory language is plain and unambiguous, and conveys a clear and definite meaning, we must rely on what the General Assembly has said. *Symmes Twp. Bd. of Trustees v. Smyth* (2000), 87 Ohio St.3d 549, 553, 721 N.E.2d 1057. Although "R.C. 4123.65 is not a model of legislative draftsmanship," see *Gibson,* 88 Ohio St.3d at 205, 724 N.E.2d 787 (Moyer, C.J., dissenting), the plain wording of the statute does not support Action Coupling's position. Action Coupling believes that an application for settlement must be made to the administrator in *every* workers' compensation case. However, to the contrary, the statute clearly states that a *"state fund employer * * * may* file an application" with the administrator. The decision to do so is optional. Thus, not all state-fund claims are covered by the statute. Moreover, R.C. 4123.65(C) does not encompass the

settlement of all state-fund claims. Rather, reference is made only to "settlement agreed to under division (A) of this section." Thus, only those claims arising in an administrative setting where an application is filed with the administrator would be subject to the requirements of the statute. Accordingly, we hold that R.C. 4123.65 does not apply to state-fund workers' compensation claims on appeal to a common pleas court under R.C. 4123.512.[2]

{¶ 13} Here, the parties entered into a settlement during court litigation initiated under R.C. 4123.512. Under these circumstances, we find that R.C. 4123.65 does not apply to this action. The judgment of the court of appeals is reversed, and the trial court's judgment ordering that the settlement be enforced is reinstated.

Judgment reversed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

HARSHA, J., concurs in judgment only.

WILLIAM H. HARSHA III, J., of the Fourth Appellate District, sitting for COOK, J.

———

Jim Petro, Attorney General, and Gerald H. Waterman, Assistant Attorney General, for appellant Administrator, Bureau of Workers' Compensation.

Lonas, McGonegal & Tsangeos and Terrance J. McGonegal, for appellant Steven S. Jones.

Rademaker, Matty, McClelland & Greve and Robert C. McClelland, for appellee Action Coupling & Equipment.

Lee M. Smith & Associates Co., L.P.A., Elizabeth P. Weeden and Lee M. Smith, urging affirmance for amicus curiae Industrial Commission of Ohio.

———

2. Action Coupling and amicus Industrial Commission raise an equal-protection argument by asserting that an arbitrary distinction is being made between state-fund employers and self-insured employers and their employees. We need not address this argument, as it was not raised below. *Gibson v. Meadow Gold Dairy* (2000), 88 Ohio St.3d 201, 204, 724 N.E.2d 787.