[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Miller*, Slip Opinion No. 2023-Ohio-3448.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-3448

THE STATE OF OHIO, APPELLEE, *v.* MILLER, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Miller*, Slip Opinion No. 2023-Ohio-3448.]

*Court of appeals' judgment affirmed in absence of four votes to reverse.*

(No. 2022-0321—Submitted March 1, 2023—Decided September 28, 2023.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 110571, 2022-Ohio-378.

_____

{¶ 1} In the absence of four votes to reverse the judgment of the Eighth District Court of Appeals, that judgment is affirmed.

Judgment affirmed.

KENNEDY, C.J., concurs in the judgment, with an opinion joined by DEWINE and DETERS, JJ.

FISCHER, J., would dismiss the cause as having been improvidently accepted.

DONNELLY, J., dissents, with an opinion joined by STEWART and BRUNNER, JJ.

_____

**KENNEDY, C.J., concurring in the judgment.**

{¶ 2} I agree that the judgment of the Eighth District Court of Appeals should be affirmed. I write separately, however, to explain why. This discretionary appeal asks this court to decide whether the trial court erred in denying appellant Leelin Miller's petition for postconviction relief and motion for leave to file a new-trial motion without holding a hearing.

{¶ 3} Miller is serving a sentence of 49 years to life in prison for the aggravated murder of Richard McCoy. Miller filed the petition for postconviction relief and motion for leave to file a new-trial motion based on the unsworn statement of state's witness Mario Godfrey, in which Godfrey recanted the eyewitness testimony he gave at Miller's trial claiming that he saw Miller shoot McCoy.

{¶ 4} A defendant who has been convicted of a criminal offense may file a petition for postconviction relief based on a claim that there was a denial or infringement of his or her rights that renders the judgment of conviction or sentence void or voidable under the United States or Ohio Constitutions. R.C. 2953.21(A)(1)(a)(i). In support of that claim, a petitioner may file an affidavit and other documentary evidence. R.C. 2953.21(A)(1)(b). As a threshold matter, prior to granting a hearing on the petition, the trial court must determine whether there are "substantive grounds for relief." R.C. 2953.21(D). In making that determination, the trial court must consider the petition, any affidavit or other documentary evidence filed with the petition, and the trial record, including the transcript of the proceedings. *Id.*

{¶ 5} A defendant may also challenge a judgment of conviction by moving for a new trial based on a claim that the defendant's substantial rights were

materially affected by any of the specific causes set forth in Crim.R. 33(A). When a motion for a new trial is based on newly discovered evidence, the defendant must produce "affidavits of the witnesses by whom such evidence is expected to be given." Crim.R. 33(A)(6).

{¶ 6} Based on the facts of this case, the trial court did not abuse its discretion in denying Miller's petition for postconviction relief and motion for leave to file a new-trial motion without holding a hearing. When a defendant moves for postconviction relief or leave to file a new-trial motion based on newly discovered evidence but relies on only an unsworn statement in support of the motion, the trial court does not err in summarily dismissing the cause. For these reasons, I concur with this court's judgment to affirm the judgment of the court of appeals, but I would do so on different grounds than the court of appeals set forth in its opinion.

## I. Facts and Procedural Background

{¶ 7} In 2013, McCoy was shot and killed. Soon after, Miller was charged with McCoy's murder. During Miller's trial in the Cuyahoga County Court of Common Pleas, the state called Godfrey as a witness. Godfrey testified that on the day of McCoy's murder, he witnessed Miller shoot McCoy.

{¶ 8} A jury found Miller guilty of aggravated murder for killing McCoy— among several other offenses. As set forth above, the trial court sentenced Miller to 49 years to life in prison. On appeal, the Eighth District affirmed Miller's convictions and sentences. *State v. Miller*, 8th Dist. Cuyahoga No. 100461, 2014-Ohio-3907, ¶ 108.

{¶ 9} In 2020, Miller filed a petition for postconviction relief and a motion for leave to file a new-trial motion. In support of his petition for postconviction relief, Miller alleged that he was "unavoidably prevented" from discovering facts that form the basis of the claims in his petition. As grounds for relief, he claimed that the introduction of Godfrey's allegedly perjured testimony violated his rights under the Sixth, Eighth, and Fourteenth Amendments to the United States

Constitution as well as his rights under Article I, Section 10 of the Ohio Constitution. Further, Miller maintained that he is actually innocent, which he claimed gives rise to another basis for relief under the Ohio Constitution.

{¶ 10} In his motion for leave to file a new-trial motion, Miller alleged that Godfrey's statement recanting his trial testimony amounts to newly discovered evidence under Crim.R. 33(A)(6). As grounds for relief, Miller claimed that the use of Godfrey's perjured testimony violated his due-process rights under the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. He also raised an actual-innocence claim, asserting that his convictions violate his rights under the United States and Ohio Constitutions.

{¶ 11} Attached to both Miller's petition for postconviction relief and motion for leave to file a new-trial motion was a handwritten statement acknowledged and signed by Godfrey. In the statement, contrary to his trial testimony, Godfrey stated that he never saw Miller shoot McCoy:

> [M]e and [McCoy] got in the van and [were] about to leave. * * * [Miller] and [another] person came out to the van * * *. * * * [McCoy] told [Miller] to get in the van with us. [Miller] got in [and] then we pulled off. [McCoy] and [Miller] started talking [a]bout the argument that went on with [McCoy] and Ellorie. * * * I got dropped off on 128th and Miles where I was staying at the time. [Miller] and [McCoy] left me * * *. I woke up the next morning with phone calls saying [McCoy] got killed that night. * * * I never seen [Miller] shoot [McCoy]. I never seen [Miller] with a gun that night. * * * I was pressured into testifying. The judge pulled me into the back of the courtroom telling me what to say and what not to say on the stand. * * * My lawyer, the police, and the streets all was saying [Miller] shot and killed [McCoy]. I was pressured by

> my attorney, the detectives, and the prosercutor [sic]. I feel deep
> down I have to come forward and tell the truth. Everything I said
> on this statement is true and I'll testify to it if I have too [sic]. * * *

The third page of the statement bears a series of signatures. On the bottom right-hand side is Godfrey's signature just below his printed name. To the left of that is the statement, "The foregoing instrument was acknowledged before me this 15th day of July, 2019, by Mario Godfrey." Just below that is the statement, "I'm giving David Owens permission to turn this statement in," followed by Godfrey's signature. Under that is the printed name of Ciara Borom, along with Borom's signature. At the top of page three is a notary stamp that includes the printed text: "Ciara Borom, Notary Public – Ohio, My Commission Expires March 25, 2020." Just below the notary stamp is a small handwritten annotation that says, "see bottom of doc."

{¶ 12} Also attached to both Miller's petition for postconviction relief and his motion for leave to file a new-trial motion were "general affidavits" of Borom and Miller's son, Wesley Fitzgerald, and a letter from the Ohio Innocence Project.

{¶ 13} Without holding a hearing, the trial court summarily denied Miller's petition for postconviction relief and motion for leave to move for a new trial. The trial court's judgment was composed of just two sentences and contained no explanation for the court's decision. On appeal, the Eighth District affirmed. 2022-Ohio-378, ¶ 28. The court of appeals held that the trial court did not abuse its discretion in denying Miller's petition for postconviction relief and in not holding a hearing on the petition, because "Miller did not raise any recognized constitutional claim or substantive ground for relief." *Id.* at ¶ 26.

{¶ 14} The Eighth District also held that the trial court did not abuse its discretion in denying Miller's motion for leave to file a new-trial motion without holding an evidentiary hearing, because (1) Miller had failed to demonstrate that he

was unavoidably prevented from discovering Godfrey's recantation of his trial testimony, (2) Miller had failed to show that his motion for leave was filed within a reasonable time after he discovered Godfrey's statement, and (3) Godfrey's statement lacked credibility. *Id.* at ¶ 15-21.

{¶ 15} We accepted Miller's appeal to review three propositions of law:

> I. The Court of Appeals erred when it relied on an incorrect rule of law that Miller's Motion for Leave to File a New Trial Motion must be filed within a reasonable time after discovering the evidence that supports such motion.

> II. Substantive and/or constitutional grounds for relief in a post conviction petition under [R.C.] 2953.21 et seq. exist when the only eyewitness recants his trial testimony and there is no physical or other substantive evidence linking a defendant to the crime.

> III. Mr. Miller is entitled to relief because he is actually innocent and his convictions in light of the new evidence violate the Fourteenth Amendment of the U.S. Constitution and Article I, Sections 9 and 10 of the Ohio Constitution.

*See* 167 Ohio St.3d 1442, 2022-Ohio-2162, 189 N.E.3d 817.

{¶ 16} Because the disposition of propositions of law two and three would resolve the case, it is unnecessary to address Miller's first proposition of law.

## II. Relevant Law

### A. Standard of Review

{¶ 17} This court reviews both a trial court's decision to grant or deny a petition for postconviction relief and its ruling on a motion for leave to file a new-trial motion for an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-

Ohio-6679, 860 N.E.2d 77, ¶ 58; *State v. McNeal*, 169 Ohio St.3d 47, 2022-Ohio-2703, 201 N.E.3d 861, ¶ 13.

### B. Statutory and Rule Interpretation

**{¶ 18}** The issues in this case lead to a familiar place, construction of statutes and rules. As this court explained long ago, "[t]he question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact." *Slingluff v. Weaver*, 66 Ohio St. 621, 64 N.E. 574 (1902), paragraph two of the syllabus. "When the statutory language is plain and unambiguous, and conveys a clear and definite meaning, we must rely on what the General Assembly has said." *Jones v. Action Coupling & Equip., Inc.*, 98 Ohio St.3d 330, 2003-Ohio-1099, 784 N.E.2d 1172, ¶ 12. "An unambiguous statute is to be applied, not interpreted." *Sears v. Weimer*, 143 Ohio St. 312, 55 N.E.2d 413 (1944), paragraph five of the syllabus. We apply the same general principles of statutory construction when interpreting court rules, including the Rules of Criminal Procedure. *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, 192 N.E.3d 470, ¶ 54-55.

### C. Petition for Postconviction Relief

**{¶ 19}** In Ohio, persons convicted of criminal offenses may petition a trial court for postconviction relief if they fit into one of four categories. R.C. 2953.21(A)(1)(a)(i) through (iv). Relevant here is the first category, which provides that a defendant convicted of a criminal offense may file a petition claiming "that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1)(a)(i). The trial court, before granting a hearing on a petition filed under R.C. 2953.21(A)(1)(a)(i), is required to "determine whether there are substantive grounds for relief." R.C. 2953.21(D). In making its decision, the trial court must consider the petition, "supporting affidavits," and any documentary evidence, including the underlying trial record and transcripts. *Id.* If a trial court dismisses a petition, the court is

required to "make and file findings of fact and conclusions of law with respect to such dismissal." *Id*.

### D. *Motion for Leave to File a New-Trial Motion*

{¶ 20} Similarly, Crim.R. 33, adopted as a rule of practice and procedure in support of R.C. 2945.79, permits a defendant to file a motion for a new trial when a defendant's substantial rights have been materially affected by certain events. Crim.R. 33(A); *see also* R.C. 2945.79(A). When a defendant alleges newly discovered evidence as grounds for relief, "the defendant must produce * * * affidavits of the witnesses by whom such evidence is expected to be given." Crim.R. 33(A)(6); R.C. 2945.79(F). If a defendant wishes to move for a new trial based on newly discovered evidence and it has been more than 120 days since the verdict was rendered, the defendant must first seek an order from the court allowing the delayed filing. Crim.R. 33(B). A defendant can seek such an order by filing a motion for leave to file a new-trial motion. *See, e.g.*, *Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, 192 N.E.3d 470, at ¶ 53; *State v. Farley*, 10th Dist. Franklin No. 03AP-555, 2004-Ohio-1781, ¶ 10; *State v. Roberts*, 141 Ohio App.3d 578, 582, 752 N.E.2d 331 (6th Dist.2001). Even assuming that a defendant's motion for leave should have been granted, we will nonetheless uphold the denial of a motion for leave if the defendant's underlying new-trial motion would be without merit. *See Bethel* at ¶ 59.

### E. *Affidavit Requirements*

{¶ 21} In Ohio, an affidavit is a "written declaration [made] under oath." R.C. 2319.02. This court has long held that "an affidavit must appear on its face to have been taken before the proper officer, and in compliance with all legal requisitions." *Benedict v. Peters*, 58 Ohio St. 527, 536 (1898). "A paper purporting to be an affidavit, but not to have been sworn to before an officer, is not an affidavit." *Id*. at 536-537.

**{¶ 22}** A notary has the power to administer oaths and therefore can assist in executing affidavits. *See* R.C. 147.07; *see also Citizens Natl. Bank in Zanesville v. Denison*, 165 Ohio St. 89, 95, 133 N.E.2d 329 (1956). A "jurat" is the notarial act and certificate associated with executing affidavits. R.C. 147.011(C); *See Stern v. Bd. of Elections of Cuyahoga Cty.*, 14 Ohio St.2d 175, 181, 237 N.E.2d 313 (1968). Our caselaw has long held that a jurat proves the signer of the affidavit swore his statement under oath and it "is prima facie evidence of the fact that the affidavit was properly made before such notary." *Id.* Since then, the General Assembly has codified jurat requirements, maintaining that a jurat requires "an oath or affirmation that the statement in the notarized document is true and correct." R.C. 147.011(C); *see also* R.C. 147.542(C).

**{¶ 23}** Another common notarial act is certifying "acknowledgments" of signers. R.C. 147.07; *see State ex rel. Evergreen Co. v. Bd. of Elections of Franklin Cty.*, 48 Ohio St.2d 29, 31, 356 N.E.2d 716 (1976). When a notary takes an acknowledgment, the notary is certifying that (1) "[t]he person acknowledging appeared before him and acknowledged he executed the instrument," and (2) "[t]he person acknowledging was known to the person taking the acknowledgment." R.C. 147.53(A) and (B). The "key difference" between the two actions is that "an acknowledgment is not made under oath." *State ex rel. Maras v. LaRose*, 168 Ohio St.3d 430, 2022-Ohio-3295, 199 N.E.3d 532, ¶ 32 (DeWine, J., dissenting).

### III. Analysis

**{¶ 24}** Miller's second and third propositions of law raise substantive arguments under the United States and Ohio Constitutions about why the appellate court erred in denying his requested relief. But by focusing on those substantive issues, Miller sidesteps a more fundamental question: whether there was sufficient evidence before the trial court to grant a hearing on his petition for postconviction relief and his motion for leave to file a new-trial motion.

**{¶ 25}** Initially, it must be noted that the trial court did not comply with the mandates of the postconviction-relief statute. R.C. 2953.21(D) provides that if a trial court "dismisses the petition," the court must "make and file findings of fact and conclusions of law with respect to such dismissal." This court has held that the language of that provision is mandatory. *State v. Lester*, 41 Ohio St.2d 51, 322 N.E.2d 656 (1975), paragraph two of the syllabus. Therefore, the trial court's two-sentence entry denying the petition for postconviction relief was insufficient.

**{¶ 26}** And while neither R.C. 2945.79 nor Crim.R. 33 expressly requires the trial court to provide findings of fact and conclusions of law when denying a motion for leave to file a new-trial motion, as a matter of best practice, trial courts should make findings of fact and conclusions of law because those determinations are essential to prosecute an appeal. Findings of fact and conclusions of law "apprise the petitioner of the grounds for the judgment of the trial court and * * * enable the appellate courts to properly determine appeals in such a cause." *Jones v. State*, 8 Ohio St.2d 21, 22, 222 N.E.2d 313 (1966). Without findings of fact and conclusions of law, a petitioner knows that the cause was dismissed and nothing more.

**{¶ 27}** Moreover, the appellate court's credibility determination of Godfrey's statement in the first instance was also in error. *See State v. Blanton*, 171 Ohio St.3d 19, 2022-Ohio-3985, 215 N.E.3d 467, ¶ 98.

**{¶ 28}** Nevertheless, despite the trial court's lack of findings of fact and conclusions of law and the appellate court's improper determination of Godfrey's statement's credibility, the Eighth District's affirmance of the trial court's decision to summarily deny Miller's petition for postconviction relief and motion for leave to file a new-trial motion should be affirmed. Under Ohio law, the statement that Godfrey gave was not an affidavit; it was simply an unsworn statement. *See Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 630, 605 N.E.2d 936 (1992), fn. 3 (sua sponte finding that a statement did not qualify as an affidavit).

Therefore, Miller failed to produce sufficient evidence to enable the trial court to determine whether there were substantive grounds for relief to grant a hearing.

{¶ 29} Here, the language of the notary reads, "The foregoing was acknowledged." That language is insufficient to create "sworn testimony." As this court said in *Benedict*, "[a] paper purporting to be an affidavit, but not to have been *sworn* to before an officer, is not an affidavit." (Emphasis added.) 58 Ohio St. at 536-537.

{¶ 30} Without an affidavit in compliance with the requirements of R.C. 2953.21(D) or the presentation of new evidence in accord with Crim.R. 33(A)(6), the trial court could not determine whether there were "substantive grounds for relief" to support the petition for postconviction relief and the motion for leave to file a new-trial motion. The additional documents attached to the unsworn statement—two general affidavits from individuals without personal knowledge of the underlying case and a letter from the Ohio Innocence Project—have no bearing on the substantive grounds for relief. Because Godfrey's statement is not an affidavit and the additional attachments do not offer "substantive grounds" for relief, the trial court did not abuse its discretion in dismissing the petition for postconviction relief and the motion for leave to file a new-trial motion without a hearing.

## IV. Conclusion

{¶ 31} In Ohio, criminal defendants have several avenues for seeking relief from a judgment of conviction. One avenue is by filing a petition for postconviction relief pursuant to R.C. 2953.21. Another is by filing a motion for a new trial pursuant to R.C. 2945.79 and Crim.R. 33.

{¶ 32} But before a trial court may grant a hearing on the matter, the trial court must find that there are substantive grounds for relief, and that finding requires sufficient evidence to support those grounds. Because an unsworn statement is not an affidavit, the trial court did not abuse its discretion in denying

Miller's petition for postconviction relief and motion for leave to file a new-trial motion without a hearing.

{¶ 33} For these reasons, I concur only in the court's judgment and would affirm the judgment of the Eighth District Court of Appeals, albeit on different grounds than stated by the appellate court.

DEWINE and DETERS, JJ., concur in the foregoing opinion.

_____

**DONNELLY, J., dissenting.**

{¶ 34} Our treatment of this appeal could have been incredibly straightforward. When the trial court summarily denied appellant Leelin Miller's postconviction motion and petition, and when the appellate court affirmed the same, neither one of those courts had the benefit of this court's guidance that Crim.R. 33(B) has no "reasonable-time" requirement for filing new-trial motions based on the discovery of new evidence and that summary denial on that basis is inappropriate. *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, 192 N.E.3d 470, ¶ 55; *see also State v. McNeal*, 169 Ohio St.3d 47, 2022-Ohio-2703, 201 N.E.3d 861, ¶ 17, citing *Bethel* at ¶ 53, 58. In light of the fact that we do not know *why* the trial court denied Miller's postconviction petition and motion for leave to file a new-trial motion, all we would need to do here is summarily remand the cause to the trial court for further consideration in light of *Bethel*. But for some reason, four of the justices on this court cannot bear to do such a simple thing.

{¶ 35} I would gladly join a summary remand given that it would be far more reasonable and far more useful than whatever it is we are doing with this nonsensical entry. However, the ideal resolution of this appeal would be to reverse the judgment of the Eighth District Court of Appeals and remand the cause to the Cuyahoga County Court of Common Pleas with orders to proceed to an evidentiary hearing on Miller's postconviction petition and motion for leave to file a new-trial

motion. I therefore dissent, and I also write separately to point out several problems with the opinion concurring in judgment only.

## I. Introduction

{¶ 36} To begin with, I agree with the portion of the opinion concurring in judgment only identifying the errors in the trial and appellate courts' decisions regarding Miller's petition for postconviction relief and motion for leave to file a new-trial motion. *See* opinion concurring in judgment only, ¶ 25-27. I want to make it clear that no justice on this court is voicing agreement with the trial court's decision not to provide any reasoning to support its denial of Miller's motion and petition or with the appellate court's decision to make its own credibility determinations regarding Miller's supporting evidence, *see* 2022-Ohio-378, ¶ 17-20.

{¶ 37} However, I do not agree with the concurrence's view that we should affirm notwithstanding the lower courts' errors. The concurrence reaches its conclusion by sua sponte raising a technical evidentiary issue that appellee, the state of Ohio, has forfeited. The concurrence goes on to advance broad, bright-line rules about its sua sponte evidentiary issue that would have the potential to affect all postconviction petitions and motions for new trials. And the rules that the concurrence proposes would create new legal standards rather than apply the standards actually articulated in R.C. 2953.21, R.C. 2945.79, and Crim.R. 33.

## II. Background

{¶ 38} At Miller's murder trial in July 2013, Mario Godfrey testified that he saw Miller shoot Richard McCoy. Godfrey did not immediately report the shooting, and he later provided a statement to the police after consulting with an attorney. There were no other eyewitnesses to the shooting, and no physical evidence linked Miller to the murder.

{¶ 39} In July 2019, Godfrey wrote a statement recanting his trial testimony, and he contacted a notary public, Ciara Borom, to notarize his statement.

According to Miller, the Ohio Innocence Project ("OIP") received Godfrey's statement, but after OIP did not act on the statement for many months, Miller retained counsel to move forward with his postconviction efforts. Miller filed his motion for leave to file a new-trial motion on November 30, 2020, and he filed his postconviction petition on December 1, 2020. He attached Godfrey's statement to both filings. Miller alleged that he was unaware that Godfrey would recant his trial testimony until after Godfrey wrote his 2019 statement.

{¶ 40} Godfrey's 2019 statement indicates that following McCoy's killing he was starting to get implicated as the shooter, that after consulting with his attorney he provided a written statement to the police per her instructions, and that the prosecution threatened to charge Godfrey with McCoy's murder if he refused to testify consistently with the written statement he had provided to the police. Godfrey's 2019 statement explained:

> I woke up the next morning with phone calls saying [McCoy] got killed that night. Then the streets is saying I was in the van when he got killed. The police/detectives came to my kids mom house and my uncle house looking for me. I never seen Leelin Miller shoot Richard McCoy. I never seen Leelin with a gun that night. All I know is I had my lawyer Nancy Samerson call the detectives to see why they were looking for me. She called me back saying they know I was there and seen [Miller] shoot [McCoy] and we had to go downtown and write a statement. I did what I was told to do. I told the prosercutor I didn't want to testify to that statement once trail came. He said over the phone if I didn't they were gone charge me with [McCoy's] murder. At that time I didn't know what to do. I was pressured into testifying.

(Spelling, grammar, and punctuation sic.)

**{¶ 41}** Miller argued in his postconviction petition that a prosecutor's knowing use of perjured testimony to obtain a conviction violates a defendant's right to due process, and he cited various cases standing for the proposition that such a knowing act by the state would violate *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). *See, e.g.*, *Kutzner v. Cockrell*, 303 F.3d 333, 337 (5th Cir.2002) (explaining that although the defendant had failed to show that the state knowingly presented perjured testimony, a supported claim would establish a due-process violation as stated in *Brady* and *Giglio*); *Blalock v. Wilson*, 320 Fed.Appx. 396, 412-413 (6th Cir.2009) (same); *People v. Brown*, 169 Ill.2d 94, 103, 660 N.E.2d 964 (1995) (same); *State v. Lotter*, 278 Neb. 466, 476-477, 771 N.W.2d 551 (2009) (same). Miller further argued that due process is violated irrespective of the prosecutor's knowledge when a criminal conviction turns entirely on perjured testimony and that the state has "no legitimate interest" in maintaining a false conviction.

**{¶ 42}** The state filed briefs in opposition to Miller's petition and motion for leave, arguing that they should be denied without a hearing because Godfrey's 2019 statement—*which the state characterized as an affidavit*—was not credible. The state further argued that Miller was not unavoidably prevented from discovering new evidence. Specifically, the state argued that Miller (or his attorney) could have approached Godfrey to ask him to recant after the 2013 trial and that there was no justification for the seven-year delay in Miller's discovery of the purported new evidence. The state did not attach any affidavits or other evidence to its filings, and it did not object to or move to strike the attachments to Miller's postconviction petition and motion for leave. The trial court summarily denied Miller's postconviction petition and motion for leave without a hearing.

{¶ 43} Miller appealed, and the Eighth District affirmed the trial court's judgment. Of note, the state did not raise any issues in its briefing to the Eighth District regarding the form of the attachments to Miller's filings, and it repeatedly characterized Godfrey's 2019 written statement as an "affidavit."

{¶ 44} In affirming the trial court, the court of appeals held that Miller had failed to justify the seven-year gap between his 2013 convictions and his 2020 postconviction filings. 2022-Ohio-378 at ¶ 13. It indicated that Miller could have tried to solicit Godfrey's recantation prior to 2019 and held that the more than one-year gap between Godfrey's statement and Miller's filings was enough by itself to support summary denial for unjustifiable delay. *Id*. at ¶ 15-16. The appellate court went on to opine that "[t]here was no compelling reason to accept Godfrey's recantation over his testimony given at trial," and it concluded that "[t]he trial court could have determined, without the need for a hearing, that Godfrey's sworn statement lacked credibility." *Id*. at ¶ 20.

### III. Analysis

{¶ 45} The opinion concurring in judgment only correctly points out that the trial court's summary denial of relief was insufficient and that the appellate court erred in weighing the credibility of Godfrey's statement. However, the concurrence incorrectly takes it upon itself to fashion a new reason for justifying the summary denial of Miller's motion and petition without a hearing—a reason that the state did not raise and would have been barred from raising before this court. The concurrence also inappropriately provides quotations of Crim.R. 33(A)(6) and R.C. 2945.79(F) and references to R.C. 2953.21(A)(1)(b), with misleading omissions, in order to propose harsh evidentiary standards that are not found in the full language of the rule and statutes. When viewing the arguments that were actually raised by the parties and applying the rules that are actually articulated in Crim.R. 33(A)(6), R.C. 2945.79(F), and R.C. 2953.21(A)(1)(b), it is clear that this matter must be remanded to the trial court with instructions to proceed

to an evidentiary hearing on Miller's postconviction petition and motion for leave to file a new-trial motion.

*A. The evidence before the trial court*

{¶ 46} At no point in the parties' briefing before the trial court, the court of appeals, or this court have they argued about whether the trial court should have disregarded Godfrey's written recantation because it was in the form of a notarized acknowledgement rather than an affidavit. The state does point out for the first time, in a footnote to its brief to this court, that Godfrey's statement does not meet the definition of an affidavit under R.C. 2319.02. Regardless, the state continues to refer to Godfrey's statement as an affidavit and does not stray from its focus on the alleged credibility issues with Godfrey's statement.

{¶ 47} The failure to move to strike or to object to documentary evidence submitted in support of a motion forfeits any error in the consideration of that evidence. *See State ex rel. Chuvalas v. Tompkins*, 83 Ohio St.3d 171, 173-174, 699 N.E.2d 58 (1998); *see also State v. Billups*, 10th Dist. Franklin Nos. 97APA08-1041 and 97APA08-1042, 1998 WL 336635, *3 (June 23, 1998) (holding that the state's failure to object to the unsworn and unnotarized nature of statements attached to a postconviction petition ordinarily waives the argument that the statements lack evidentiary value). Absent extraordinary circumstances, reviewing courts are not to sua sponte decide matters in favor of the state on issues that were not considered in the first instance and that were forfeited due to the state's failure to raise them. *See Wood v. Milyard*, 566 U.S. 463, 471-472, 132 S.Ct. 1826, 182 L.Ed.2d 733 (2012). And even when the forfeiture of an issue below is not as clear as it was here, "it is not generally the proper role of this court to develop a party's arguments." *In re Application of Columbus S. Power Co.*, 129 Ohio St.3d 271, 2011-Ohio-2638, 951 N.E.2d 751, ¶ 19.

{¶ 48} There was no challenge to the nature of the evidence attached to Miller's petition and motion, and the evidence was therefore properly before the

trial court. It is injudicious to declare at the eleventh hour that Godfrey's statement is nonevidence in order to conclude that Miller "failed to produce sufficient evidence" to allow the trial court to even consider whether his claims should proceed to a hearing. Opinion concurring in judgment only at ¶ 28. It would have been error for the appellate court to have done so, and it would be wrong for this court to do so now.

### B. New-trial motions

{¶ 49} Nothing in Crim.R. 33 or R.C. 2945.79, each of which enumerate several grounds for a new trial, provides that affidavits are a procedural prerequisite for a trial court to hold an evidentiary hearing on a defendant's new-trial motion. The opinion concurring in judgment only proposes this prerequisite by conveniently leaving out a few words when quoting the rule and statute.

{¶ 50} The concurrence indicates that in a motion for new trial based on newly discovered evidence, " 'the defendant must produce * * * affidavits of the witnesses by whom such evidence is expected to be given.' " (Ellipsis added in opinion concurring in judgment only.) Opinion concurring in judgment only at ¶ 20, quoting Crim.R. 33(A)(6) and R.C. 2945.79(F). Based on this quoted language, the concurrence concludes that if the defendant's claim regarding new evidence is not explicitly supported in affidavit form, the trial court has nothing before it to allow it to proceed to a hearing.

{¶ 51} However, the complete language of Crim.R. 33(A)(6) and R.C. 2945.79(F) contradicts the conclusion of the concurrence. R.C. 2945.79(F) provides in full:

> When new evidence is discovered material to the defendant, which he could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must

produce *at the hearing of said motion, in support thereof*, the affidavits of the witnesses by whom such evidence is expected to be given, and *if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as under all the circumstances of the case is reasonable*. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

(Emphasis added.) Crim.R. 33(A)(6) similarly provides in full:

When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce *at the hearing on the motion, in support thereof*, the affidavits of the witnesses by whom such evidence is expected to be given, and *if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case*. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

(Emphasis added.)

{¶ 52} The above language does show that a defendant cannot *ultimately* obtain relief on a motion for new trial without providing witness affidavits to support the defendant's claim. However, it also shows that such affidavits are *not required* to proceed to a hearing on the motion, and in fact, this language plainly

contemplates that a defendant should be given an opportunity to obtain affidavits *after* the defendant files the motion for new trial.

{¶ 53} Under no circumstances can Crim.R. 33(A)(6) and R.C. 2945.79(F) be read to require affidavits in order to merely proceed to a hearing on a motion for leave to file a new-trial motion. The opinion concurring in judgment only attempts to rewrite the rules that it claims to be applying, and its conclusion that relief must be denied without a hearing is fundamentally wrong. The evidence attached to support Miller's motion was sufficient under Crim.R. 33(A)(6) and R.C. 2945.79(F) to merit a hearing, and a hearing cannot be foreclosed based on the fact that the bulk of Miller's supporting evidence was in the unobjected-to form of an acknowledged—but not sworn—statement.

## C. Postconviction petitions

{¶ 54} The rules governing postconviction petitions in R.C. 2953.21 do not provide that the filing of a recanting witness's affidavit is a procedural prerequisite that would otherwise prohibit a trial court from holding an evidentiary hearing on a defendant's petition for postconviction relief. A petitioner does not need to attach an affidavit that single-handedly disproves matters at trial in order for the petition to merit a hearing, as the concurring justices seem to think. In fact, the rules are somewhat to the contrary. It is the record at trial that needs to disprove the petitioner's claims in order for the trial court to have the discretion to deprive the petitioner of a hearing.

{¶ 55} If a postconviction petition "is sufficient on its face to raise an issue that [the] petitioner's conviction is void or voidable on constitutional grounds, and the claim is one which depends upon factual allegations that cannot be determined by examination of the files and records of the case, the petition states a substantive ground for relief." *State v. Milanovich*, 42 Ohio St.2d 46, 325 N.E.2d 540 (1975), paragraph one of the syllabus. The petition need only allege sufficient operative facts that *if true*, would set forth a prima facie case that the petitioner's conviction

rested on a deprivation of the petitioner's constitutional rights. *See State v. Bunch*, __ Ohio St.3d __, 2022-Ohio-4723, __ N.E.3d __, ¶ 45-50. If the record of the case does not disprove the petitioner's claim, then the trial court does not have the discretion to summarily deny the petition without first holding a hearing; rather, "the court *shall* proceed to a prompt hearing on the issues" raised in the petition. (Emphasis added.) R.C. 2953.21(F); *see also Bunch* at ¶ 24.

{¶ 56} The postconviction statute does not require a petitioner to support his claim through affidavits. A petitioner "*may* file a supporting affidavit and *other documentary evidence* in support of the claim for relief." (Emphasis added.) R.C. 2953.21(A)(1)(b). Although an acknowledged, unsworn written statement might not be enough on its own to allow a trial court to ultimately grant relief in the petitioner's favor, the unsworn nature of the writing in no way excuses a trial court from complying with the hearing requirement of R.C. 2953.21(F).

{¶ 57} Unsworn, acknowledged written statements are a species of self-authenticating documentary evidence under Evid.R. 902, and thus, they do not require authentication through an affidavit in order to be admissible evidence. *See* Evid.R. 902(8) ("Extrinsic evidence of authenticity as a condition precedent to admissibility is not required" for "[d]ocuments accompanied by a certificate of acknowledgment executed in the manner provided by law by a notary public"). In some cases, even unnotarized documents can properly be considered as "other documentary evidence" that merit consideration at a hearing on a postconviction petition. *See, e.g.*, *State v. Kapper*, 5 Ohio St.3d 36, 38, 448 N.E.2d 823 (1983) (adopting state's rationale that under some circumstances, " '[a] *letter or* affidavit from the court, prosecutors or defense counsel alleging a defect in the plea process may be sufficient to rebut the record on review and require an evidentiary hearing' " [emphasis added]); *Billups*, 10th Dist. Franklin Nos. 97APA08-1041 and 97APA08-1042, 1998 WL 336635, at *3 (observing that unsworn, unnotarized witness statements are not without evidentiary value and can potentially constitute

the kind of "other documentary evidence" that would merit a hearing on a postconviction petition).

{¶ 58} If the state believes that the record disproves a petitioner's claims, the state can move for summary judgment on those grounds in accordance with the applicable rules, i.e., Civ.R. 56. *See* R.C. 2953.21(E); *see also Milanovich*, 42 Ohio St.2d at 51, 325 N.E.2d 540. "In postconviction cases, only careful adherence to the provisions of Civ.R. 56 can assure that the rights and obligations of both parties are fairly treated and respected." *Milanovich* at 52.

{¶ 59} In sum, the "documentary evidence" attached to a postconviction petition under R.C. 2953.21(A)(1)(b) can include unsworn statements, and so long as the totality of the documentary evidence before the trial court identifies sufficient operative facts to support a petitioner's claim for postconviction relief, the matter must proceed to an evidentiary hearing. *See* R.C. 2953.21(D) and (F). The opinion concurring in judgment only again ignores part of the plain language of the statute in order to conclude that "[w]ithout an affidavit in compliance with the requirements of R.C. 2953.21(D)," a trial court is left with no choice but to deny a postconviction petition without a hearing. Opinion concurring in judgment only at ¶ 30.

{¶ 60} Miller's petition alleges that Godfrey did not see Miller shoot McCoy and that the prosecution coerced Godfrey to testify otherwise at Miller's murder trial. Godfrey's testimony was the keystone of the state's case against Miller, and thus, the truth or falsity of that testimony controlled the outcome of Miller's trial. Such allegations undoubtedly state a substantive ground for relief. *See Giglio*, 405 U.S. at 154, 92 S.Ct. 763, 31 L.Ed.2d 104, quoting *Napue v. Illinois*, 360 U.S. 264, 271, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959) ("A new trial is required if 'the false testimony could * * * in any reasonable likelihood have affected the judgment of the jury * * * ' " [ellipsis added in *Giglio*]). The record on its face does not disprove the claim that Godfrey perjured himself at Miller's trial. As with

Miller's new-trial motion, a hearing on his postconviction petition cannot be foreclosed based on the fact that the bulk of Miller's supporting evidence was in the unobjected-to form of an acknowledged but not sworn statement.

## IV. Conclusion

{¶ 61} It is the antithesis of judicial restraint to decide an appeal based on a legal issue not raised or briefed by the parties and to rewrite the applicable statutes and rules in the process. The basis for rejecting Miller's appeal outlined in the opinion concurring in judgment only crosses the line into advocacy for the state and overrides the plain meaning of R.C. 2953.21, R.C. 2945.79, and Crim.R. 33. This is not the appropriate forum for this court to alter the meaning of Crim.R. 33, and it is up to the General Assembly, not this court, to decide whether it is preferable to have unnecessarily formalistic statutory standards to shield trial courts from having to hold hearings on nonfrivolous postconviction claims.

{¶ 62} The evidence attached to Miller's postconviction petition and motion for leave was properly before the trial court in the absence of the state's objection to the form of that evidence. Miller provided sufficient evidence to merit a hearing on his claims, and the trial court erred in summarily denying relief without first holding an evidentiary hearing. I would reverse the judgment of the Eighth District Court of Appeals and remand the cause to the trial court with an order to proceed to an evidentiary hearing on Miller's postconviction petition and motion for leave to file a new-trial motion. Accordingly, I dissent.

STEWART and BRUNNER, JJ., concur in the foregoing opinion.

––––––––––––––––

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda and Kristen Hatcher, Assistant Prosecuting Attorneys, for appellee.

John P. Parker, for appellant.

––––––––––––––––