[Cite as *State v. Nix*, 2025-Ohio-756.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 24AP-557 |
| v. | : | (C.P.C. No. 09CR-4017) |
| Delshaun Nix, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 6, 2025

**On brief:** [*Shayla D. Favor*], Prosecuting Attorney, and *Taylor M. Mick*, for appellee.

**On brief:** *Delshaun Nix*, pro se.

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Defendant-appellant, Delshaun Nix, pro se, appeals from the August 7, 2024 judgment of the Franklin County Court of Common Pleas denying his motion to vacate its September 10, 2009 judgment of conviction for three counts of aggravated robbery and one count of involuntary manslaughter. For the reasons that follow, we affirm.

I. FACTS AND PROCEDURAL OVERVIEW

{¶ 2} On April 3, 2009, a complaint was filed in the Franklin County Juvenile Court ("juvenile court") charging Mr. Nix, then age 17, with aggravated murder, four counts of aggravated robbery, two counts of kidnapping, and attendant firearm specifications.

{¶ 3} Pursuant to R.C. 2152.12(A), the state sought bindover of the case to the general division of the common pleas court ("adult court") for prosecution of Mr. Nix as an adult. After conducting a probable cause hearing on that motion, the juvenile court found

Mr. Nix was subject to bindover and the state had established probable cause to believe Mr. Nix had committed the charged offenses with a firearm. Based on these findings, the juvenile court relinquished its jurisdiction and transferred the matter to adult court.

{¶ 4} On September 4, 2009, Mr. Nix was charged in adult court, via a bill of information, with three counts of aggravated robbery and one count of involuntary manslaughter with a firearm specification, all felonies of the first degree. Then, with the assistance of counsel, Mr. Nix pled guilty to all four counts. The trial court proceeded to sentencing and imposed the jointly recommended aggregate prison sentence of 20 years. (*See* Sept. 4, 2009 Tr. at 31-32.) Mr. Nix's convictions and sentence were memorialized in the trial court's September 10, 2009 judgment entry. He did not appeal from that final judgment.

{¶ 5} In June 2024, Mr. Nix, acting pro se, filed a motion requesting the trial court vacate his convictions, alleging various constitutional claims. On August 7, 2024, the trial court entered a judgment finding it lacked jurisdiction to consider Mr. Nix's untimely postconviction petition and dismissing his petition without addressing the merits.

{¶ 6} Mr. Nix timely appealed from that decision and now asserts the following four assignments of error for our review:

> [I.] THE TRIAL COURT ERRED WHEN IT DENIED MY UNTIMELY PETITION TO VACATE OR SET ASIDE JUDGMENT OF CONVICTION OR SENTENCE ON GROUNDS THAT I DIDN'T HAVE ANY APPLICABLE FACTORS FOR FILING AN UNTIMELY PETITION.
>
> [II.] EQUAL PROTECTION VIOLATION OF BOTH THE UNITED STATES, AND OHIO CONSTITUTION ART. I, 2.
>
> [III.] MISSTATEMENT OF FACTS VIOLATES APPELLANTS U.S. CONSTITUTIONAL RIGHT TO DUE PROCESS.
>
> [IV.] INEFFECTIVE ASSISTANCE OF COUNSEL VIOLATES THE U.S. CONSTITUTIONS SIXTH AMENDMENT.

(Sic passim.)

## II. ANALYSIS

{¶ 7} In his first assignment of error, Mr. Nix contends the trial court erred in finding it lacked jurisdiction to consider his postconviction petition. We disagree.

{¶ 8} Postconviction proceedings in Ohio constitute "a collateral civil attack on the judgment." *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). Found in R.C. 2953.21 and 2953.23, Ohio's statutory framework governing postconviction proceedings permits individuals convicted of criminal offenses to petition for postconviction relief if they fall within one of four statutorily defined categories. *State v. Miller*, 2023-Ohio-3448, ¶ 19 (Kennedy, C.J., concurring in judgment only), citing R.C. 2953.21(A)(1)(a)(i) through (iv).

{¶ 9} But this statutory scheme imposes significant limitations. Petitioners are generally restricted to filing a single petition, and strict time constraints apply. *State v. Johnson*, 2024-Ohio-134, ¶ 1, citing R.C. 2953.23 and 2953.21(A)(2). Where—as is the case here—no direct appeal from the original judgment of conviction and sentence was taken, R.C. 2953.21(A)(2) requires a postconviction petition to be filed "no later than three hundred sixty-five days after the expiration of the time for filing the appeal," except as otherwise provided in R.C. 2953.23.

{¶ 10} Mr. Nix's motion to vacate his conviction is untimely under R.C. 2953.21(A)(2). Mr. Nix was convicted and sentenced on September 4, 2009, and the trial court entered its written judgment memorializing his convictions and 20-year prison sentence on September 10, 2009. Mr. Nix's deadline to appeal from that judgment expired on October 12, 2009. *See* App.R. 4(A)(1); App.R. 14(A). Mr. Nix did not file a direct appeal. Thus, in order for his postconviction petition to be considered timely under R.C. 2953.21(A), it needed to be filed by October 12, 2010. Since Mr. Nix's postconviction petition was filed on June 28, 2024, the trial court did not err in finding his petition to be untimely.

{¶ 11} A trial court lacks jurisdiction to entertain an untimely petition for postconviction relief unless the petitioner demonstrates that one of the R.C. 2953.23(A) exceptions applies. *State v. Apanovitch*, 2018-Ohio-4744, ¶ 36 ("[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition."). The first exception to considering an untimely petition for postconviction relief is set forth at R.C. 2953.23(A)(1). Specifically, the petitioner must show either he was unavoidably prevented from discovering the facts necessary to present his claim for relief *or* the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in the petitioner's situation.

R.C. 2953.23(A)(1)(a). If the petitioner is able to show that one of these threshold conditions applies, he must further show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty." R.C. 2953.23(A)(1)(b).

{¶ 12} The second exception to considering an untimely petition for postconviction relief is set forth at R.C. 2953.23(A)(2). This exception applies to petitioners convicted of a felony offense and for whom DNA testing was performed under specific statutes where "the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense." R.C. 2953.23(A)(2).

{¶ 13} In this case, Mr. Nix did not argue in the trial court that either of the exceptions in R.C. 2953.23(A) permitting consideration of untimely postconviction petitions applied. Mr. Nix did not assert a claim based on a right newly recognized by the United States Supreme Court that would apply retroactively to persons in his situation. *See* R.C. 2953.23(A)(1). Nor is his postconviction petition related to a claim of actual innocence based on DNA testing. *See* R.C. 2953.23(A)(2). And while Mr. Nix relies on what he describes as newly discovered evidence to support his petition for postconviction relief, he has not explained how he was unavoidably prevented from discovering that evidence, as required by R.C. 2953.23(A)(1). Thus, we conclude the trial court properly found that, pursuant to R.C. 2953.23(A) and 2953.21(D), it lacked authority to consider Mr. Nix's untimely postconviction petition. As such, we overrule Mr. Nix's first assignment of error.

{¶ 14} Mr. Nix alleges an equal protection violation in his second assignment of error, due process violations in his third assignment of error, and claims his 2009 trial counsel was ineffective in his fourth assignment of error. However, the only issue before this court is whether the trial court erred in finding it lacked jurisdiction to consider his postconviction petition. Having already found that Mr. Nix's petition was untimely and the trial court lacked jurisdiction to consider it, we thus lack jurisdiction to consider the constitutional arguments Mr. Nix makes in his remaining assignments of error. As such, we overrule Mr. Nix's second, third, and fourth assignments of error.

**III. CONCLUSION**

{¶ 15}  Having overruled Mr. Nix's four assignments of error, we affirm the August 7, 2024 judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and DINGUS, JJ., concur.

———————————